164    SUPREME COURT OF GEORGIA.

Mallory *vs.* The State—Northeastern Railroad Co. *vs.* Hawkins *et al.*, etc.

JACKSON, Justice.

### MALLORY *vs.* THE STATE OF GEORGIA.

1. Where the court in considering a motion to suspend a case until a witness could come in, made by counsel who stated that he, the counsel, did not have notice that the evidence of the state would disclose the date or place or the other party to the game (the indictment being for gaming), and the court replied, "But your client knew," and when the counsel alluded to the fact that the indictment specified another day, and said his client did not know, and the court replied "the court thinks he did," and added "that the state had the right to prove the offense any time within two years before the finding of the bill and that the law charged the defendant with notice:"

*Held,* that there is no such expression or intimation of an opinion on the evidence as requires the grant of a new trial.   22 *Ga.,* 403.

2. Nickels staked at cards need not be proven to be of value.

3. The evidence is sufficient to convict.

JACKSON, Justice.

### THE NORTHEASTERN RAILROAD COMPANY *vs.* HAWKINS *et al.*

1. Evidence that plaintiff had sold cross-ties to defendant, cut from the land on which the trespass was alleged to have been committed by defendant in excavating and erecting its road on plaintiff's land, was properly rejected.

2. There being testimony enough to sustain the verdict, this court will not control the presiding judge in overruling the motion for a new trial on the ground that the verdict was against the weight of the evidence.

Judgment affirmed.

JACKSON, Justice.

### BROOKS *vs.* TURNER *et al.*

When a bill is vague, obscure, and apparently inconsistent, affording mere glimpses of equity, the judgment of the chancellor dismissing it on demurrer will not be reversed.

BLECKLEY, Justice.