## WOODS v. THE STATE.

LUMPKIN, J. 1. Where, in the trial of one accused of murder, the presiding judge charged fully the law of reasonable doubts, as applicable to the case, it furnished no ground for reversal that the court refused to charge further, on request, that if the jury had a reasonable doubt as to whether the killing was voluntary or accidental they should accept the theory of accident and acquit the defendant.

2. Under the evidence, there was no error in not charging on the subject of involuntary manslaughter.

3. Where complaint is made in a motion for a new trial that a named witness for the defendant was not permitted to testify to certain facts, and in the brief of evidence it appears that the witness did testify to such facts, and both the motion for a new trial and the brief of evidence are duly approved by the presiding judge, this court cannot hold that the brief of evidence is incorrect, but must reconcile the two statements on the theory, that, while at one time the court made the ruling stated in the motion for a new trial, at some stage of the examination the testimony was admitted. Under such facts the ruling will not require a new trial, even if the evidence was admissible. *Roberts* v. *Tift*, 136 *Ga.* 901, 906 (72 S. E. 234).

4. Statements made by a slayer in his own favor a considerable length of time after the homicide occurred and at a different place, and forming no part of the res gestæ, were properly excluded from evidence.

5. Where a witness for the State had testified that after the homicide the accused, his father and the witness were together, and the accused was telling the witness how the homicide occurred, it will not require a new trial that the court permitted the witness to further state that the father of the accused, in the presence of the latter, laughed and said that the accused had shot the whole top of the decedent's head off.

6. The ground of the motion for a new trial complaining that one of the jurors was biased was abandoned.

7. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*

NOVEMBER 14, 1911.

Indictment for murder. Before Judge Rawlings. Bulloch superior court. June 22, 1911.

*Hines & Jordan, John R. Cooper, A. M. Deal, J. J. E. Anderson,* and *R. L. Moore,* for plaintiff in error.

*T. S. Felder, attorney-general, Alfred Herrington, solicitor-general, H. B. Strange,* and *F. T. Lanier,* contra.