## PEEK *v.* THE STATE.

HINES, J. 1. On the cross-examination of a witness for the State, counsel for the defendant propounded a question seeking to elicit testimony from the witness to the effect that in the opinion of the witness, from certain observed facts, the defendant was mentally unbalanced. Counsel for the State objected to this question, upon the ground that the issue involved was not whether the defendant was mentally unbalanced, but whether he knew it was wrong to kill his wife. In ruling upon the admissibility of this evidence, the court remarked: "Mentally unbalanced might mean a thousand things. We are all unbalanced in some things, lock, stock, and barrel." After completing the cross-examination of this witness, when the court adjourned for the noon recess, and when the court reconvened after such recess, counsel for the defendant moved the court to grant a mistrial upon the ground that the above remark of the court "would work a deep prejudice and harm to the defendant," as it was an expression of opinion by the court that it would make no difference whether the defendant was unbalanced or not, as all were unbalanced, and was prejudicial to the defense set up by the defendant that he was mentally unbalanced. The court overruled the motion for a mistrial, and error is assigned upon this ruling: *Held,* that the court did not err in refusing to grant a mistrial. In this remark the court did not "express or intimate any opinion as to what" had or had "not been proved, or as to the guilt of the accused," which is the matter condemned by our dumb act. Penal Code (1910), § 1058. This declaration of the court in ruling upon the admissibility of the evidence objected to was not such an expression or intimation of an opinion on the evidence as requires the grant of a new trial. *Mallory* v. *State,* 62 *Ga.* 164; *Tift* v. *Jones,* 77 *Ga.* 181 (4) (3 S.

4

E. 399); *Croom* v. *State*, 90 *Ga.* 430 (17 S. E. 1003); *Scarborough* v. *State*, 46 *Ga.* 33; *Hall* v. *State*, 7 *Ga. App.* 115 (5) (66 S. E. 390). Besides, this remark was favorable rather than hurtful to the defendant.

2. The defendant further insists that the court erred in refusing to permit the witness to answer the question referred to in the first headnote, because, in support of his defense of insanity, any evidence of aberration of intellect was admissible as tending to establish such defense, and as tending, with the other evidence in the case, to raise a reasonable doubt as to the guilt of the defendant. From an examination of the brief of the evidence it appears that this witness testified that at the time referred to in said question she was of the opinion, from the way the defendant acted, that he was mentally unbalanced; and thus the defendant got the benefit of the evidence alleged to be excluded in the second division of the first ground of the amendment to his motion for new trial. Where complaint is made that a named witness for the State was not permitted, on cross-examination, to testify to certain facts, and in the brief of the evidence it appears that the witness did testify to such facts, this court will reconcile the two statements on the theory that, while at one time the court made the ruling stated in the motion for new trial, at some stage of the examination the testimony was admitted. *Roberts* v. *Tift*, 136 *Ga.* 901 (72 S. E. 234); *Woods* v. *State*, 137 *Ga.* 85 (3) (72 S. E. 908); *Kent* v. *Central of Ga. Ry. Co.*, 144 *Ga.* 7 (85 S. E 1017).

3. Where the defendant set up as an excuse for the homicide of his wife that he was insane at the time of the killing, where the State insisted that he was not insane but killed his wife in a frenzy resulting from voluntary drunkenness, and where there were facts and circumstances in the case which would authorize the jury to find that the theory of the State was correct, the admission of evidence tending to show that the defendant had in his possession on former occasions intoxicating liquor was material to the issue thus raised by the State, and should not have been excluded on the ground that such evidence showed that the defendant was guilty of a separate and distinct offense of having in his possession intoxicating liquor, which, under the prohibition statute in this State, is a misdemeanor. Such evidence being material and relevant to this issue, it was not inadmissible because it also might tend to establish the defendant's guilt of a crime other than the one for which he was being tried. *Frank* v. *State*, 141 *Ga.* 243 (2 *b*) (80 S. E. 1016). Proof of the possession by the defendant of two gallons of intoxicating liquor in 1919 and his possession and drinking of whisky in December, 1920, the homicide having been committed on March 29, 1921, was not irrelevant and immaterial; the same tending, with other evidence introduced on this subject, to establish the habit of the defendant in the use of intoxicating liquor, and being links of a chain of circumstances from which the jury might infer he killed his wife in a frenzy superinduced by his voluntary drunkenness. RUSSELL, C. J., and BECK, P. J., dissent.

4. The court did not err in charging the jury as follows: "Now, if

the defendant was shown to be insane, or to have been insane prior to the time of the killing, the law presumes that condition to continue; but that is a rebuttable presumption, that is to say, it is one that can be overcome by proof. To illustrate, if the evidence in this case shows that at some time prior to the killing this defendant was insane (and the court will instruct you as to insanity presently), the law would presume that condition to continue, unless the evidence in the case showed to the contrary; but if the evidence in the case showed that subsequent to the period when he was insane that he was sane, then the prior presumption of insanity would be removed, and the burden would then be shifted on to the defendant to show what his condition was, or rather to show that his contentions were true at the time of this alleged killing." It is alleged that this charge is erroneous, because (a) it is not a correct abstract principle of law; (b) where the defendant sets up insanity as an excuse for a homicide and it is shown by the evidence that the defendant was insane prior to the homicide, this would not only raise the presumption that he continued to be insane, but would shift the burden of proof upon the State to show to the reasonable satisfaction of the jury, by a preponderance of the evidence, that at the time of the homicide the defendant was sane; (c) said charge was an incomplete and incorrect statement of the law applicable to the case; (d) under the law, the presumption, arising from proof that the defendant had been insane prior to the date of the killing, that such condition continues is one that may be overcome by proof, and the expression used by the court, that "it is one that can be overcome by proof," is not a correct statement of the law; (e) the illustration embraced in this charge is erroneous and was harmful to the defendant, because (1) it was an incorrect statement of the law, (2) it would have been incumbent upon the State to show to the reasonable satisfaction of the jury, by a preponderance of the evidence, that subsequently to the period when the defendant was insane, and prior to the time of the killing, the defendant was sane, (3) the latter portion of the charge was an invasion by the court of the province of the jury, in that it instructed the jury what would be sufficient to remove the presumption of the continuance of insanity on proof that the defendant had been insane prior to the date of the killing, and (4) the evidence introduced by the defendant showed that he was insane prior to the date of the homicide. This charge was not erroneous for any of the reasons assigned. Where the charge of the court upon a given subject is substantially correct, and the defendant desires fuller instruction from the court upon this subject, a timely written request therefor should be made. *Dickens* v. *State*, 137 *Ga.* 523 (73 S. E. 826).

5. By a timely written request the court was asked to charge the jury as follows: "I charge you, gentlemen of the jury, that the legal presumption being that every person is sane, and that every such person remains so until the contrary is shown, it is essential to the establishment of the distinctive defense of insanity as such, that insanity at the time of the commission of the offense be proved by a preponderance of the evidence, and the burden of so doing rests orig-

inally upon the accused. I charge you, however, that if it be shown
that the accused was insane prior to the date of the homicide, the
presumption would be that he continued to be insane, and the burden
of proof would then be shifted upon the State to show to the rea-
sonable satisfaction of the jury, by a preponderance of the evidence,
that at the time of the alleged homicide the defendant was of sound
memory and discretion." The instruction embraced in this request
was substantially covered by the general charge; and for this reason
the refusal of this request was not error. ATKINSON, J., dissents.

6. The court did not err in charging the jury as follows: "Now when
the prosecution shows, if it has shown in the case, that the defend-
ant killed the person named in this indictment, as charged in the
indictment, the presumption then arises that the killing was done
with malice, and the burden is then shifted to the defendant to show
either justification or facts and circumstances that would be sufficient
to reduce the grade of the offense below that of murder." The error
alleged is (a) that the use of the word "justification" in this
charge put upon the defendant the burden of establishing one of the
grounds of defense embraced in the Penal Code, § 70; and (b) that
said instruction was not adjusted to the facts of the case, there be-
ing no contention on the part of the defendant that he was justified
in killing his wife. Held: (1) This charge was not erroneous for
any of the reasons assigned. An essential element of murder is
malice, without proof of which the defendant could not have been
convicted. It was therefore incumbent upon the court to define
malice, and to instruct the jury when the law raises a presumption
of malice. (2) The use of the word "justification" did not put
upon the defendant the burden of establishing one or more of the
defenses embraced in the above section of the Penal Code, but only
placed upon him the burden of rebutting the presumption of malice.
(3) The use of the word "justification" was proper, and could not
have misled the jury, as the court distinctly instructed them that
if the defendant was insane at the time of the homicide he should
be acquitted.

7. The court did not err in charging the jury as follows: "Now,
gentlemen, in this case the prosecution insists that whatever mental
trouble or mental disease or impairment that the defendant was
laboring under at the time of the alleged killing, that it was brought
about by his voluntary act in the use of intoxicating liquors. The
court instructs you that if that contention of the prosecution is sus-
tained by the evidence, and it appears that this condition was tem-
porary only, one that was brought about by the voluntary act of
the defendant, and that it was not a permanent condition of his mind,
that he would be responsible for his act, or for the act that he
committed while in that condition; on the other hand, if his mental
impairment or mental disease had been brought about by the use
of intoxicating liquors and the disease had become a permanent one,
and it went to the extent of destroying his power of discerning be-
tween right and wrong with reference to the act charged against
him, it would not be material what caused the disease or the im-
pairment; he would be held irresponsible for the act that was com-

mitted by him when there was·a permanent impairment of his mind, provided the impairment measured up to the rule which I have stated to you." The errors alleged are: (*a*) that this instruction is not a correct abstract principle of law; (*b*) that it was not authorized by the evidence; (*c*) that a person may be permanently insane within the meaning of the law and yet have lucid intervals. *Held*: (*a*) That the above instruction was not erroneous for any of the reasons assigned. (*b*) That said instruction is a correct statement of the law upon the subject involved. *Beck* v. *State*, 76 *Ga.* 452; *Strickland* v. *State*, 137 *Ga.* 115 (72 S. E. 922).

8. The principles embodied in the requests which are set out in the 9th, 10th, 11th, 12th, and 13th grounds of the amendment to the defendant's motion for new trial were substantially covered by the general charge; and the refusal of the court to give them in charge to the jury furnishes no reason for the grant of a new trial.

9. The court did not err in refusing, upon timely written request by the defendant's counsel, to give in charge to the jury this instruction: "I charge you that although the defense of insanity may not be successfully established so as to authorize a verdict of not guilty on this particular ground, it is nevertheless the duty of the jury to consider the evidence touching the alleged insanity in connection with the other evidence in the case, and then in view of it all determine whether or not a reasonable doubt of the guilt of the accused exists in their minds; and if they have such doubt, it is their duty to give the defendant. the benefit of the doubt and acquit him." Without deciding whether this request states a correct abstract principle of law (on which see *Carter* v. *State*, 56 *Ga.* 463; *Danforth* v. *State*, 75 *Ga.* 614, 58 Am. R. 480; *Carr* v. *State*, 96 *Ga.* 284 (5), 22 S. E. 570; *Ryder* v. *State*, 100 *Ga.* 528 (5), 28 S. E. 246, 38 L. R. A. 721, 62 Am. St. R. 334), the refusal of the court to give the instruction embraced in this request was not erroneous under the facts of this case. The defendant relied upon his insanity at the time of the homicide as his sole defense. There were no circumstances of justification, alleviation, or mitigation.

10. None of the other rulings of the court, of which the defendant complains, are erroneous.

*Judgment affirmed. Hill and Gilbert, JJ., concur. Russell, C. J., dissents. Beck, P. J., dissents from the ruling in the third headnote. Atkinson, J., dissents from the ruling in the fifth headnote.*

No. 3030. FEBRUARY 14, 1923. REHEARING DENIED MARCH 1, 1923.

Indictment for murder. Before Judge Blair. Cobb superior court. December 28, 1921.

*J. V. Poole, Fred Morris,* and *Morris & Hawkins,* for plaintiff in error.

*George M. Napier, attorney-general, John S. Wood, solicitor-general, Seward M. Smith, assistant attorney-general, L. W. Camp, and Clay & Blair,* contra.