## JENKINS *v.* FLOURNOY.

1. There being a levy upon both real and personal property in behalf of the plaintiff in fi. fa., and both being claimed by the claimant, it was error for the court to direct "that the case proceed only as to the real property, . . refusing to hear and adjudicate the issue as to the personal property." When the claimant filed her equitable amendment and the same was allowed by the court, the proceeding was converted into an equitable action; and the court of equity, having taken jurisdiction, should have proceeded to dispose of all of the issues thus raised by the claimant. Exception to such ruling can be taken advantage of in a motion for a new trial.

2. In view of the allowance of the amendment referred to in the preceding note, it was error to circumscribe the rights of the claimant as to competent proof of any material thing in support of such amendment. By the allowance of the amendment equity had jurisdiction to dispose of all issues involving or illustrating the ownership of the property upon which the fi. fa. had been levied; and for this reason it was error to exclude the testimony set forth in the third, fourth, and sixth special grounds of the motion for a new trial.

3. While it is true that "As between husband and wife, . . payment of purchase-money by one, and causing the conveyance to be made to the other will be presumed to be a gift," this principle was not applicable in this case, and the excerpt from the charge of the court contained in the first special ground of the motion for a new trial was inapplicable to the case on trial, and therefore erroneous, in that it placed upon the plaintiff (the wife) a presumption she was not required to rebut under the facts of this case.

3. There is no merit in the exception contained in the fifth special ground of the motion for a new trial.

4. The court erred in excluding the testimony of Jenkins as to where he derived the money with which he purchased the land, and the instructions and directions which were given to him by his wife as to its expenditure. Though the jury may have considered him an interested witness, he does not appear to have been incompetent, and under the amendment to the claim his testimony is relevant to the contentions of the claimant.

No 3587. FEBRUARY 18, 1924.

Claim. Before Judge Roop. Meriwether superior court. December 12, 1922.

*M. Z. O'Neal* and *R. A. McGraw,* for plaintiff in error.

*McLaughlin & Jones,* contra.

RUSSELL, C. J.   A fi. fa. based on a judgment in favor of J. F. Flournoy against G. W. Jenkins was levied on an undivided half interest in a described tract of land, and separately on described personalty.   Mrs. Susie Jenkins, the wife of the defendant in fi. fa., interposed a claim to all the property.   When the case came on for trial at a subsequent term, an equitable amendment was allowed in aid of the claim.   The amendment alleged equitable title in the wife to all the property levied upon, and other described realty, based on a purchase by the husband with the money of the wife and the taking of title in the name of the husband without the knowledge or consent of the wife.   It was also alleged that after the plaintiff's judgment was obtained, the claimant sued her husband, and thereupon he executed a deed to her conveying the land levied upon; and that the plaintiff in fi. fa. knew or ought to have known of the claimant's equitable title, and consequently could not subject it to payment of his debts.   It was prayed that the defendant in fi. fa. be made a party, and that all the property be decreed to be the individual property of the wife, and not subject to the husband's debts.   The defendant in fi. fa. was duly made a party, and filed an answer admitting all the allegations of the amendment.   However, on the trial which immediately ensued, the judge "directed that the case proceed only as to the real property,  .  . refusing to hear and adjudicate the issue' as to the personal property."   The claimant introduced evidence to the following effect. Claimant received stated sums of money from the estate of her father and by gift from her mother, which she delivered to her husband to be invested in the property, the title to be taken in her name.   The money was invested, but the husband took title in his own name without claimant's knowledge or consent.   Relatively to the land levied on, the claimant's evidence was substantially as follows :   The husband and J. B. Cousins purchased it jointly from Mrs. R. A. Hill, paying a stated amount in cash and agreeing to pay the balance at intervals in the future.   One hundred and twenty-five dollars, being one half of the initial payment, was paid by claimant's husband from money of claimant, and he gave his individual notes for his half of the deferred payments, which aggregated $875.   The notes were all paid from rents from the land. The deed executed by the vendor to claimant's husband and J. B. Cousins bears date January 13, 1916, and was recorded two days

after its date. Claimant testified: "In January, 1916, I think it was, I let G. W. Jenkins have the money to go and buy a piece of land for me. He was acting for me in purchasing the land, and it was to be in my name, titles in me. He was buying this piece of land levied on and some other land, a lot in Primrose where a gin is located, that is not levied on, for me. He took my money and agreed to buy this property and place same in my name as my own estate, and I trusted him with the money. When he went to Mrs. Hill to buy the land in question he went ahead and paid out of my own money that I had turned over to him the sum of $125 cash. That $125 came from the money that I had inherited. He came back to me and told me that he had put only $125 in the place, and then entered into a contract with me in which he was to pay me $125 and taxes each year as rent of my property, and he was to make the notes to Mrs. Hill for $125 per year for the balance of the purchase-price and to pay them with my rent. It was agreed that he sign the notes to Mrs. Hill, but that the title to the land was to be in me. He agreed to make me a deed . . when he finished paying the balance due. . . No money has gone into the land except that $125 and my rents off of it. . . After paying my money into the land he had a deed made to him. I found out later about it, and he kept saying he was going to make deed to me. . . I . . let it rock along after it had been recorded, because he told me that he was going to pay Mrs. Hill the rent and then make me a deed."

The judgment on which was based the fi. fa. that was levied on the land was obtained on January 21, 1921, and shortly thereafter the claimant sued her husband for the property; whereupon the husband, on June 25, 1921, executed a deed conveying the land in dispute to the claimant. The deed, after describing the land, contained the following clause: "This deed is made in compliance with a contract between grantor and grantee, made in 1916, under which contract grantee Mrs. Susie Jenkins out of her own individual and separate estate furnished the money that purchased said property, with the understanding with grantor that the deeds were to be made to the grantee Mrs. Susie Jenkins; and grantor, contrary to this agreement and the directions of grantee, had the same made to himself; and on being sued by the grantee to have the said grantor to make title, the grantor now comes and makes this deed

to the grantee in compliance with his agreement made in 1916." The plaintiff in fi. fa. as a "cropper" of the husband cultivated the land in the year 1917, and the judgment was founded on an alleged debt growing out of that transaction. No one informed him of the claimant's equity in the property. He introduced evidence to the effect that he worked the land in 1917 as cropper for claimant's husband, and the judgment was for a debt arising from failure to settle for his part of the crop; that he saw and dealt with claimant and her husband frequently, and they did not tell him of her equity; that he did not know of the equity, but believed the personal property and land belonged to the husband; that the husband was in possession of the land then and has been ever since; that the land was returned for taxes for the years 1916 to 1921 in the name of the husband.

The jury returned a verdict finding the property subject. The claimant made a motion for a new trial, in which, in addition to the usual general grounds, it was alleged that the judge erred in restricting the trial to the issues relating to the land; also that the judge erred in withholding from the jury certain testimony of movant and of her husband, as to delivery by the former to the latter of her individual money for investment in the name of the former, and as to the source from which she derived the money; also certain testimony of the wife as to knowledge of the neighbors that claimant received money from the estates of her parents; and finally that the judge erred in charging the jury as will presently more fully appear. The judge overruled the motion for new trial, and in the order stated: "Counsel for plaintiff in fi. fa. having proposed to dismiss the levy as to the personalty as set out in the 7th ground of amended motion, it is therefore ordered and adjudged that, if counsel for plaintiff in fi. fa. will dismiss the levy as to said personalty within 10 days from this date, said motion be and the same is overruled as of date of said dismissal, and a new trial denied. Should plaintiff in fi. fa. fail or refuse to dismiss said levy as to said personalty within 10 days, then said motion for new trial shall be sustained, and a new trial granted as of the date of December 21st, 1922." On the day this order was granted the plaintiff in fi. fa. dismissed his levy on the personalty. The claimant excepted.

1. The court at the beginning of the trial "directed that the

case proceed only as to the real property,  .  .  refusing to hear and adjudicate the issue as to the personal property." The claimant assigned error on this ruling, on the ground that she was entitled to have the issue raised as to her title to the personal property, as well as the title to the land, adjudicated and settled under her equitable amendment to her claim. The judge erred in this ruling. When the claimant filed her equitable amendment and the same was allowed by the court, this converted the proceeding into an equitable action; and a court of equity, having taken jurisdiction, should have proceeded to dispose of all the issues thus raised by the claimant. Civil Code (1910), § 4522. The action of the court in directing that the case proceed only as to the real property, and refusing to hear and determine the issue as to the personal property, amounted to splitting up the claimant's case into two branches. It was in the nature of the grant of a partial nonsuit. *Swain* v. *Macon Fire Insurance Co.,* 102 *Ga.* 96 (29 S. E. 147) ; *Talbotton Railroad Co.* v. *Gibson,* 106 *Ga.* 229 (6) (32 S. E. 151) ; *Southern Railway Co.* v. *Hardin,* 107 *Ga.* 379 (33 S. E. 436) ; *Southern States Exploring &c. Syndicate* v. *McManus,* 113 *Ga.* 982 (4) (39 S. E. 480). The case under consideration differs from the grant of a nonsuit, in which case a motion for new trial is not the proper remedy. *Buchanan* v. *James,* 134 *Ga.* 475 (3) (68 S. E. 72). Exception to such ruling can be taken advantage of in a motion for new trial.

2. We think the trial judge erred in the exclusion of the testimony to which exception is taken in the third, fourth, and sixth grounds of the motion, by reason of the previous error of which complaint is made in the seventh ground. After having allowed the amendment making G. W. Jenkins a party in the claim case, it was certainly error to circumscribe the rights of the claimant, who had filed an equitable claim (and had become a quasi petitioner in equity) as to any of the matters pending before the court. A claim is in its nature an equitable proceeding; and certainly since the passage of the uniform-procedure act, when a claim has been interposed, the rules of equity must be followed. No objection seems to have been interposed by the plaintiff in fi. fa. to G. W. Jenkins being made a party, nor any objection offered to the form or substance of the equitable amendment. With the amendment before the court, all questions as to the ownership of the property

were within the jurisdiction of the court. Equity, having taken hold of the realty by the allowance of the amendment, by the same amendment had jurisdiction to dispose of any and all issues growing out of the levies and the ownership of all the property. It is unnecessary at this time to decide whether under other circumstances the superior court might be without jurisdiction to adjudicate a claim to personal property levied upon by a fi. fa. from a subordinate court; but we do hold, where real estate has been levied upon under a city-court fi. fa., and the fi. fa. has been returned by the sheriff to the superior court, as levies upon real estate must be returned (and whether the levy upon the personal property might or might not be considered by the superior court without the issuance of an order), and the court has without objection allowed an amendment such as was allowed in the present case, which impressed the claimant's claim of right to real estate, that it was error to exclude any competent evidence relevant to the issues raised by the claimant's equitable amendment. The amendment allowed sought to state and account for all of the money alleged to have been received by Mrs. Jenkins from various sources and how it was expended, partly in realty and partly in personal property. If the burden was upon the wife to show the bona fides of the transaction, we know of no reason why she was incompetent to state the facts and circumstances under which she entrusted her husband with the money she claimed to have given him, and to state that the investments made were contrary to her directions. The credit to be given her testimony was of course a matter for the jury; but the testimony being relevant and material, we think the judge erred in excluding the testimony of both wife and husband, which is set out in the third, fourth, and sixth grounds of the amendment to the motion for a new trial.

3. The exception to the instruction of the judge which is contained in the first ground of the motion is sustained. The language used is the precise verbiage of. § 3740 of the Civil Code of 1910, but it was inapplicable to the case on trial. While it is true that "as between husband and wife, . . payment of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift," this was not that kind of a case. There is no evidence that the purchase-money was paid by G. W. Jenkins, the husband, and the conveyance made to Mrs.

G. W. Jenkins. Had this been the case it might have been presumed to be a gift, as stated in the code section. The evidence was that the money was paid by the husband, G. W. Jenkins, to the grantor in the deed, and the deed made to J. B. Cousins and G. W. Jenkins. The name of Mrs. Susie Jenkins nowhere appears in the deed. Nothing appeared from the deed to show that she had any interest in the land, and therefore there was nothing appearing in the deed from which a gift to her could be presumed. To have made the instruction given by the judge applicable and pertinent the purchase-money should have been paid by Jenkins, the "one" mentioned in the code section, and the conveyance would have had to be made to Mrs. G. W. Jenkins or Mrs. Susie Jenkins, as she might have been denominated. Had Mrs. Jenkins claimed originally under the deed which Jenkins was compelled to give her by a decree of the superior court after the pendency of this litigation, the instruction would perhaps have been pertinent and proper; but the amendment which was allowed by the court set up a claim which was dependent entirely upon the statement that the claimant had furnished the money that Jenkins paid for both the personal property and the land from the funds of his wife in his hands, and had taken the title to the land in himself, contrary to her expressed direction and his agreement that title should be placed in her. It is alleged that only $125 of the original purchase-price of the one-half interest (Cousins owning the other half) was paid in cash, and that the remaining $375 had been paid from the rents arising from the land and therefore the proceeds of the claimant's $125 originally paid. As we have said before, the credibility of this testimony was for the jury, but the case was not one where the deed was in the name of the wife and was being attacked upon the ground that the land conveyed by the deed was really the property of the husband, and where on account of the relationship between husband and wife the burden is justly placed upon the husband and wife to rebut the presumption of a gift; but the case on trial was one where the wife contended that, although the legal title was in the husband, it properly should have been placed in her; and while she carried the burden, as every party asserting an affirmative must do, of proving her contention by the preponderance of the evidence, there was no presumption of law which she was required to rebut,—nothing except the rule of evidence that trans-

actions between husband and wife must be closely scrutinized; and this rule is addressed to the jury for consideration in determining the credibility of the testimony as to all transactions between the married pair. The testimony as to the directions given by the wife, as well as the testimony as to her entrusting him with the money, was competent testimony, subject to the rule just stated; because it is settled law that a husband acquiring possession of a wife's property with or without her consent holds it in trust for her. *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017). A wife may give her property to her husband, but a gift will never be presumed. *Sasser* v. *Sasser,* 73 *Ga.* 275; *Brooks* v. *Fowler,* 82 *Ga.* 329 (*a*) (9 S. E. 1089). The code section which the judge gave in charge to the jury, and the presumption of gift referred to therein, has reference to cases where a creditor seeks to subject property in which the legal title is apparently fixed in the wife, and is for the protection of the creditor in such cases. It also relates to transactions of husband and wife and the other near relations mentioned inter sese; but it has no application in a case where a creditor seeks to subject property in which the apparent title is in the debtor against whom the fi. fa. is proceeding, as in this case. On the contrary, § 3010 of the Civil Code provides: "A wife may give property to her husband, but a gift will not be presumed. The evidence to support it must be clear and unequivocal, and the intention of the parties must be free from doubt." This section was derived from the decision in *Brooks* v. *Fowler,* supra. We do not hold that this section has application to the facts of the case now before us, because it is not necessary at this time to rule upon that point; but it is quite apparent that as the case of the plaintiff in fi. fa. is to some extent dependent upon evidence of a gift of the original money which purchased the land by Mrs. Jenkins to her husband, the evidence in support of that inference must have been clear and unequivocal, for a gift of her money by Mrs. Jenkins to her husband would not be presumed.

4. There is no merit in the exception contained in the fifth ground of the amendment to the motion for a new trial. The court properly excluded the testimony as to what Mrs. Jenkins' neighbors knew as to what she inherited from her parents. It was a mere conclusion as to mere hearsay.

5. For the reasons stated in the second division of this opinion

40

the court erred in excluding the testimony of Jenkins, as to where he derived the money with which he purchased the land, and the instructions and directions which were given to him by his wife as to its expenditure. Though the jury may have considered him an interested witness, he does not appear to have been an incompetent one for any reason; and under the amendment to the claim his testimony is relevant to the contention of the claimant that she entrusted him with all the money she inherited and directed him as to how it was to be expended. This case is one in which the claimant insists that both the personalty and the realty included in her claim are impressed with a trust in her favor, by reason of the fact that both personalty and realty were bought and paid for with her own personal money; a part inherited from her father's estate; a part a gift of $200 from her mother in her lifetime; another from her mother at her death, and something over $200 collected as interest from a loan of these sums of money, and perhaps other items shown in the record. If this is the truth of the case, the property levied on is the property of the wife and the title thereto should be decreed in her as pleaded in the amendment, unless faith and credit was extended by the plaintiff in fi. fa. upon faith of the apparent ownership of G. W. Jenkins in the property. In the latter case, if it appeared that the credit was extended by Flournoy, the plaintiff in fi. fa., under the reasonable belief that Jenkins was the owner, and Mrs. Jenkins with knowledge of this fact allowed him to be deceived, the property would be subject. However, in the trial now before us, Flournoy was a witness, and he testified that the debt which Jenkins owed him was for a portion of his half of the crop of 1917; and he did not testify that he made the contract influenced in any way by Jenkins' ownership of the tract of land in question or any property. He had rented the land the previous year from Cousins, and he rented it in 1917 from Jenkins. In neither case did the contract go further than that the crop should be equally divided between the landlord and tenant, or cropper, as the case may be. According to his testimony nothing was said about land or ownership of land. It does not appear from his testimony whether he thought that Mrs. Cousins and Mrs. Jenkins or Mr. Cousins and Mr. Jenkins owned the premises. He made no inquiry as to who owned it, as he might have done and therefore so far as this trial is concerned there is no

evidence whatever that he contracted with Jenkins in the belief that Jenkins was the owner of the land, so as to bring the case within the principle to which we have just referred. It is rarely that it can be said that one who agrees to work a crop on halves is induced to extend credit on the faith of the ownership of property by the other contracting party. It is a matter of common knowledge that in contracts to work crops for one half of the crop, both contracting parties take chances on the crop. The laborer cannot be said to extend credit in the sense in which that term is applied in the Code Merchant. He is entitled to the possession of the land which he contracts to cultivate, unless his crop has been gathered, and he has the right to expect this possession to continue and a fair distribution of the crop according to his contract; but since the title to the crop remains in the landlord, and the amount of the debt due by either of the contracting parties to the other is necessarily problematical, we do not think that a debt arising from a failure on the part of the landlord to divide the crop, or even if he retains the entire crop, could be said to be an original extension of credit by the tenant on the faith of the property owned by the landlord, unless the testimony showed that the good financial condition of the landlord was an element of the contract understood by both of the contracting parties.

*Judgment reversed. All the Justices concur.*

ATKINSON and HINES, JJ., concurring specially. 1. In the third, fourth, and sixth amended grounds of the motion for new trial the claimant complains of the rejection by the court of certain evidence therein set out; but it appears from the brief of evidence that this evidence was admitted and went to the jury for their consideration. In these circumstances this court will reconcile the statements in the motion for new trial that this evidence was withheld from the jury, and statements in the brief of evidence that it was introduced, on the theory that, while at one time the court made the ruling stated in such grounds of the motion for new trial, at some stage of the introduction of the evidence the testimony was admitted. *Woods* v. *State,* 137 *Ga.* 85 (3) (72 S. E. 908); *Kent* v. *Central of Ga. Ry. Co.,* 144 *Ga.* 7 (85 S. E. 1017); *Peek* v. *State,* 155 *Ga.* 49 (2) (116 S. E. 629).

2. The court charged the jury: "The law is, that, between husband and wife, parent and child, brothers and sisters, payment

of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of one paying the money may be shown and the presumption rebutted." Exception is taken to this charge, on the ground that it is inapplicable to the facts of the case. This exception is well taken. The charge applies the provisions of the Civil Code (1910), § 3740. This law is applicable only to a case where one of the parties mentioned therein has paid the purchase-money and caused the deed to be made to one of the other persons mentioned, and has no application to a case where the husband takes the money of the wife for the purpose of investing it for her and taking title in her name, but in violation of his trust invests the money in land and takes a deed to himself. Nor was this a harmless error on the theory that a verdict in favor of the plaintiff in fi. fa. was demanded on the ground that the wife's secret equity in the land should not prevail over his judgment, or that she was estopped from asserting her title to the land. Land bought by a husband for his wife and paid for with her money is equitably her property; and though he takes the legal title to the same, it cannot, as against a claim by her, be lawfully subjected to the satisfaction of a judgment against him, if, at the time of the creation of the debt on which the judgment is founded, credit was not given to the husband on the faith of his apparent ownership of such land. *Kennedy* v. *Lee*, 72 *Ga.* 39; *Burt* v. *Kuhnen*, 113 *Ga.* 1143 (39 S. E. 414). At most it was for the jury to say whether under the evidence her alleged equity should prevail over the judgment of the plaintiff, or whether she was estopped from asserting her equitable title to the land. We cannot say as a matter of law that a verdict was demanded against her on either ground. If the jury should find that her money paid for the land as claimed by her, then she should prevail, unless she did something to mislead the plaintiff in believing the land was the property of the husband, and the plaintiff extended credit to the husband upon his apparent ownership thereof. In *Dill* v. *Hamilton*, 118 *Ga.* 208 (44 S. E. 989), *Reed* v. *Holbrook*, 123 *Ga.* 781 (51 S. E. 720), *Ford* v. *Blackshear Manufacturing Co.*, 140 *Ga.* 670 (79 S. E. 576), and *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867), it appeared that credit was extended on the faith of the apparent ownership of the husband, and that the wife permitted the husband to deal with the

property as his own and to obtain credit on the faith of his apparent ownership.

3. The court also charged the jury: "I charge you that in transactions between husband and wife the onus is on the husband and wife to show that the transaction was fair." Movant assigns error on this charge, on the ground that it is inapplicable to the facts of the case, and misleading. This charge was an application of Civil Code (1910), § 3011, and was pertinent to one phase of the case. *Kennedy* v. *Lee,* 72 *Ga.* 39; *Jones* v. *Foster,* 150 *Ga.* 277 (103 S. E. 491). The existence of a secret equity of the wife in the land depended upon a transaction between the claimant and' her husband.

4. The court did not err in ruling out the testimony of the wife to the effect that the neighbors knew that she had inherited money from her parents' estate.