30933. GILLESPIE v. THE STATE.

HALL, Justice.

David Wayne Gillespie was convicted, along with two co-defendants, for the murder of Tony Doster and sentenced to life imprisonment. His sole enumeration of error raises the question whether the trial court erred in refusing to charge on request the law of voluntary manslaughter. We hold that the requested charge was properly refused and affirm.

Gillespie relies on *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106) (1971) where we said, "[o]n the trial of a murder case, if there be *any evidence, however slight,* as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury." (Emphasis supplied.) We have also made clear, in *Henderson v. State,* 234 Ga. 827, 831 (218 SE2d 612) (1975), however, that "[a]lthough the jury is the judge of whether there was an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, it is a question of law for the courts to determine whether there is slight evidence that the defendant acted as the result of sudden, violent and irresistible passion resulting from serious provocation." See Code Ann. § 26-1102.

Although the voluntary manslaughter charge was requested at trial, the defendant's theory of defense was clearly justification. The facts, taken most favorably to the defendant, show that on the morning of July 3, 1975, the defendant Gillespie and co-defendant Tony Sanchez were at Gillespie's girlfriend Karen Smith's house helping to mow her lawn. The victim, Tony Doster, called Karen, who had been the girlfriend of a now deceased younger brother, and asked her to meet him, allegedly because he suspected Gillespie of having reported him to the police, which had resulted in a drug raid on Doster's apartment. Sanchez drove her to a Burger King, where she met Doster to drive around to discuss this problem, and ended up at a lake at Peachtree City. There Karen claims Doster tried to rape her. When she returned and told Gillespie about the incident, he became angry and resolved to beat him up. Though Gillespie was only five feet seven inches and Doster was six feet five, Gillespie felt he could take him on because he was a brown belt Karate expert. He claims he at no time intended to kill Doster, but only acquired a gun and ammunition and practiced shooting because he knew Tony Doster carried a gun and felt he also needed one for his own protection.

Gillespie and Sanchez unsuccessfully hunted Doster from about three o'clock July third until the afternoon of July fourth, so Gillespie urged Karen Smith to call Tony Doster and arrange to meet him at the North Clayton High School tennis courts at seven thirty that night. Instead Stovall, Sanchez and Gillespie intercepted Doster there in Stovall's station wagon. As their cars drew parallel, Gilespie rose from behind the front seat, where he had been hiding, to confront Doster. When Doster said "you little bastard I told her not to say anything . . . I'm going to blow your brains out," and leaned over to the right, Sanchez yelled, "[l]ook out, he's got a gun." Gillespie then fired an entire clip from his .22 Ruger automatic into the other vehicle, spraying the automobile and hitting Doster twice in the head and once in the shoulder. No gun was found in Doster's car. Stovall drove away from the scene. Later Gillespie and Sanchez, after hiding the gun and ammunition, drove by to see if Tony was dead and even visited Doster's home to inquire of

Doster's brother whether he had been killed. The trio were not arrested until August 30th, after the police received tips from anonymous telephone callers.

Under these facts and circumstances as urged by the defendant we hold as a matter of law that neither the attempted rape of Karen Smith alleged to have been committed by Tony Doster, nor the statement quoted above by Doster to Gillespie immediately prior to the shooting arises to the serious provocation sufficient to excite sudden, violent and irresistible passion in a reasonable person that would require a charge on voluntary manslaughter. Therefore, there was not even "slight evidence" of this crime in the case, and the trial court correctly refused to so charge. *Williams v. State,* 232 Ga. 203 (206 SE2d 37) (1974); *Young v. State,* 232 Ga. 285 (206 SE2d 439) (1974); *Meadows v. State,* 230 Ga. 471 (197 SE2d 698) (1973); *Jarrard v. State,* 206 Ga. 112 (55 SE2d 706) (1949); *Channell v. State,* 109 Ga. 150 (34 SE 353) (1899).

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED MARCH 16, 1976 — DECIDED APRIL 20, 1976.

*Leonard N. Steinberg, Paul E. Cormier,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd,* for appellee.

GUNTER, Justice, dissenting.

This is a companion case to *Stovall v. State,* 236 Ga. 840 (1976). Gillespie, Stovall and Sanchez were tried together, and the same charge to the jury and the same exceptions to the charge quoted in my *Stovall* dissent are present here. See *Stovall v. State,* supra.

I respectfully dissent here for the same reasons stated in my *Stovall* dissenting opinion.