## POLITE vs. THE STATE OF GEORGIA.*

1. The evidence is sufficient to convict the defendant. On an indict-ment for burglary, where the charge is that, after the breaking and entering, valuable goods are stolen and carried away, larceny from the house is within the charge, and the jury may find that offence. The verdict is, therefore, not contrary to law and evidence. *Williams vs. The State*, 60 *Ga.* 88.

2. The continuance, on the ground that a witness for whom a sub-pœna was issued is absent, was properly denied. The affidavit is faulty, in that it does not declare either that the witness is not absent with the defendant's consent, or that the application is not made for delay. Code, §3522.

3. The motion on the ground of newly discovered evidence was prop-erly denied. Such a motion is not favored by the courts; it is much within the discretion of the presiding judge; and in the case made by the affidavits, it only fixes the possession of the stolen watch and chain once in another, and at the most would only show a *particeps criminis*, as alleged by the presiding judge as a reason for not granting the new trial. Besides, there is no evidence as to the character of the witness who will give the new evidence, which is necessary to enable this court to act advisedly on the discretion

---

*In this and the following cases of this term, no further opinion besides the head-notes was filed.

of the judge below, inasmuch as, without record evidence of character, the circuit judge is presumed to know witnesses and parties better than the judges of this reviewing court. We cannot therefore, without such proof of character, well reverse his judgment on newly discovered testimony. *O'Shields vs. The State*, 55 *Ga.* 702; *Young vs. The State*, 56 *Id.* 403.

Judgment affirmed. (Head-notes by the court.)

October 19, 1886.

JACKSON, Chief Justice.

[Sandy Polite was indicted for burglary. It was charged that he broke and entered a dwelling-house with intent to commit larceny, and after breaking and entering stole certain money, watch and chain, etc. It was proved that the property was stolen, but whether the entrance was made through an open window, or whether any breaking was necessary to effect an entrance, was not clear. It was also proved that a portion of the property was subsequently obtained from the defendant; that at first he caused the arrest of his cousin, Jack Livingston, who was discharged on the hearing; that defendant had possession of the chain and said he had won it; that he told the witness where it was concealed; and that a policeman offered him $25 to get the watch and chain, and in a few minutes he produced them. The defendant sought to prove that Livingston had been seen in possession of a watch and chain which he was trying to pawn.

The jury found the defendant guilty of larceny from the house. He moved for a new trial on the following grounds, in substance:

(1)–(2) Because the verdict was contrary to law and evidence.

(3) Because the court refused to grant a continuance because of the absence of a witness, Harris, for whom a subpœna had been issued and placed in the hands of an officer, but who had not been served because of absence from the city. It was expected to prove by this witness that Livingston had the watch shortly after it was stolen.

Another ground of the motion for continuance was want of time for consultation between attorney and client. The indictment was found October 5, 1885, and the trial occurred October 19.

(4) Because of newly discovered evidence of one Joe Dudley, to prove that Jack Livingston had in his possession a gold watch and chain corresponding to the description of that stolen, shortly after its loss by the owner.

The motion was overruled, and the defendant excepted.]