## DOMINICK *vs.* THE STATE OF GEORGIA.

81   715
97   792

The newly discovered evidence on which the extraordinary motion for a new trial is based, being only of facts and declarations tending to impeach some of the State's witnesses, and to suggest that they may have perpetrated the offence and conspired to accuse the person indicted and convicted, the discretion of the presiding judge denying a new trial will not be interfered with, there being nothing in the record to vouch to this court for the credibility of the witnesses by whom the alleged new matters are to be established.

December 22, 1888.

New trial. Evidence. Witness. Practice. Before Judge HARRIS. Coweta superior court. March term, 1888.

Reported in the decision.

WILCOXON & WRIGHT, J. S. POWELL and P. F. SMITH, for plaintiff in error.

H. M. REID, solicitor-general, by W. Y. ATKINSON, for the State.

BLECKLEY, Chief Justice.

Dominick was convicted of arson, in January. At the following March term of the superior court, he made a motion for a new trial. The motion being an extraordinary one, the ground of newly discovered evidence is the only one that is important. This newly discovered evidence consisted mainly of declarations made by some of the State's witnesses, tending to show

that they committed the offence, and had conspired to accuse Dominick. The judge of the superior court who tried the case and who heard the motion, having denied a new trial, this court is not disposed to interfere with his discretion, more especially as no affidavits are found in the record to the effect that the newly discovered witnesses are entitled to credit. We take it for granted that the presiding judge was warranted in his decision. Unless we had some voucher for the credibility of the witnesses by whom the newly discovered matters are to be established, we should not interfere; if we have the power to do so, we are disinclined to exercise the power. *Polite vs. The State,* 78 *Ga.* 347.

Judgment affirmed.