## DOWDY v. THE STATE.

1. Upon the trial of an indictment for murder, where the evidence is sufficiently favorable to the accused to justify an inquiry into the grade of the homicide, instructions to the jury which constrain a verdict of murder are harmful and will require the granting of a new trial.

2. While the unlawful, intentional killing of a human being, with malice, is murder, an unlawful and intentional killing, without malice, will be voluntary manslaughter only; and while the fact that a killing was unlawful and intentional is one from which the jury may, under certain conditions, infer malice, such killing is entirely compatible with the absence of malice and of those elements of an evil purpose necessary to constitute the offense of murder. The court, therefore, should not so instruct the jury as that, finding a homicide to have been committed unlawfully and intentionally, they must necessarily find that it was committed with malice.

3. It was accordingly error, in such a case, to charge the jury as follows: "Malice does not necessarily consist in ill-will or hatred; malice may exist without ill-will or hatred; and whenever there exists in the mind of the person that kills another one, but for one moment, an unlawful intention to take human life, if that unlawful intention exists for any length of time, it constitutes malice. If a person kills another with an unlawful intention in his mind, and is not justified under the principles of law which I will further give you in charge, he would be guilty of murder."

August 16, 1895.

Indictment for murder. Before Judge GAMBLE. Telfair superior court. April term, 1895.

J. H. MARTIN, B. M. FRIZZELL and SMITH & CLEMENTS, for plaintiff in error. J. M. TERRELL, attorney-general, TOM EASON, solicitor-general, and A. C. PATE, contra.

ATKINSON, Justice.

The defendant was indicted for the offense of murder. Upon the trial the evidence involved the three grades of homicide, murder, voluntary manslaughter, and justifiable homicide. In charging the jury, the trial judge instructed them, amongst other things, as follows: "You will further observe, from the definition of express malice and implied malice which I have given you, that

malice, in its legal sense, means an unlawful intention
to take human life.    Malice does not necessarily consist
in ill-will or hatred; malice may exist without ill-will
or hatred; and whenever there exists in the mind of a
person that kills another, but for one moment, an un-
lawful intention to take human life, if that unlawful
intention exists for any length of time, it constitutes
malice.    If a person kills another with an unlawful in-
tention in his mind, and is not justified under the prin-
ciples of law which I will further give you in charge,
he would be guilty of murder."    Exception was taken
to this charge, as not correctly stating to the jury the
law of intent in the commission of a homicide, and as
so instructing them as that, if the evidence had really
established the guilt of the defendant of the offense of
voluntary manslaughter only, and had not established his
guilt of the offense of murder, they would have been
nevertheless constrained to find him guilty of the latter
offense.    A critical analysis of the instruction given
will reveal its error.    The court charged the jury gen-
erally, in effect, that if one had for an instant an un-
lawful intention to kill, he would be guilty of murder.
As a universal proposition this is not correct; for vol-
untary manslaughter is unlawful and consists in the in-
tentional killing of a human being upon sudden heat of
passion, etc.    So it will be seen, from the very definition
of voluntary manslaughter, that one may have an unlaw-
ful intention to slay, or an intention unlawfully to slay,
and still not be guilty of the offense of murder.    The
essence of the latter offense consists in the killing with
premeditation; a taking of thought beforehand.    It car-
ries with it the idea of deliberation; and therefore, in-
stead of instructing the jury as the court did, it should
have instructed the jury, that an intention deliberately
formed existing in the mind of the slayer for never so
short a time unlawfully to take the life of another, is

the premeditation which the law accepts as conclusive evidence of malice. The killing of a person upon premeditation, however brief, is one thing, and killing in response to the promptings of overmastering passion another; the one is murder, the other voluntary manslaughter. An instruction, therefore, which leaves out of consideration the idea of premeditation or deliberation in forming the intent, has the effect to constrain a finding for murder where the jury might otherwise convict only of voluntary manslaughter. This was a harmful error. The evidence was close and conflicting as to the grade of the homicide, and the defendant should not have been embarrassed by instructions to the jury which denied to him the benefit of a theory favorable to his defense.

Let the judgment of the court below be *Reversed.*