### GRANT *v.* THE STATE.

1. Where, on a criminal trial, the accused introduced no evidence, and thus obtained the right to open and conclude the argument, and one of two counsel representing him thereupon addressed the jury, consuming less time than that allowed by the rules of court, and the solicitor-general, without having previously given notice of any such intention, then announced that there would be no argument for the State, it was the duty of the counsel for the accused, if they desired that one of them should continue to address the jury for the remainder of the time allowed for argument under the rules, to make in open court a motion or request to this effect to the presiding judge and obtain from him a ruling or decision thereon.

2. Where this was not done, but the counsel for the accused who

had not addressed the jury merely stated to the judge in private conversation that he desired to argue the case, and wished the court to understand that he insisted upon so doing as a legal right of the accused, nothing stated by the judge in that private conversation is proper subject-matter for review by this court.

3. The newly discovered evidence presented a theory of the case utterly at variance with the statement made by the accused upon his trial, and contains nothing that would justify either the trial court or this court in granting a new trial; the decided weight of the evidence established the conclusion that the preliminary oath was administered to all of the panel of forty-eight jurors before they were severally put upon their *voir dire;* the evidence fully warranted the verdict, and there was no abuse of discretion in denying a new trial.

February 29, 1896.

Indictment for murder. Before Judge Fish. Sumter superior court. May term, 1895.

*E. F. Hinton, J. F. Watson* and *E. A. Nisbet,* for plaintiff in error. *J. M. Terrell, attorney-general, J. M. Du-Pree, solicitor-general,* and *L. J. Blalock,* contra.

SIMMONS, Chief Justice.

1, 2. Upon the trial of the case in the court below the accused introduced no evidence, and thus obtained the right to open and conclude the argument to the jury. At the conclusion of the evidence one of his counsel addressed the jury at some length; after which counsel for the State announced that he did not desire to argue the case. One of the counsel for the accused, who had not addressed the jury, thereupon approached the judge and privately stated that he desired to argue the case and wished the court to know that he insisted upon it as a legal right of the accused; but the judge informed him privately that no further speech would be allowed for the accused, that the rule was that in no case should more than one counsel be heard in conclusion, and that under the circumstances the accused had had both the opening and conclusion. This is complained of as error. The judge certifies that nothing was said about

the matter except in this private conversation between counsel for the accused and himself. We think that what was said by the judge under these circumstances is not proper subject-matter for review by this court. Where it is desired to secure a decision of the court upon any matter, there should be some appropriate motion, pleading or request. The decision must be invoked in the proper method and at the proper time. If counsel for the accused desired to invoke a ruling of the court as to whether he should be allowed to make an additional argument to the jury, the proper method to have pursued would have been to make a motion or request in open court, instead of approaching the judge privately as he did. The motion should have been made in such a manner as that the judge should clearly understand that a ruling was being invoked, and that opposing counsel should also have notice of it. Whenever a motion, request or objection is made by counsel in the trial of a case, opposing counsel are entitled to have notice of it, and they have a right to know of any ruling or decision made thereon by the court. The practice of counsel to approach the judge privately about matters or questions pending before him at the trial is a bad one, and cannot be too strongly condemned. See on this subject, 2 Elliott, General Practice, §1038; *Wilson* v. *Danforth*, 47 *Ga.* 676; *Farrow* v. *The State*, 48 *Ga.* 30; *Barker* v. *Blount*, 63 *Ga.* 423.

3. The accused, in his statement to the jury, said that he shot the deceased because the latter was advancing upon him with a pistol. The newly discovered evidence as set out in the affidavit of Leola McIver is totally at variance with this statement. She deposed that she saw the killing, and that the deceased advanced upon the accused with a plank and was striking at him with it at the time he was shot. The trial judge therefore did not err in refusing to grant a new trial on account of this evidence. Besides, he could have disregarded it altogether because there was no

affidavit of any person as to the character or credibility of the witness. *Polite* v. *The State*, 78 *Ga.* 347(3); *Dominick* v. *The State*, 81 *Ga.* 715; *Pease* v. *The State*, 91 *Ga.* 19(4).

The affidavits introduced by the accused in support of the sixth ground of the motion for a new trial, to the effect that the preliminary oath was not administered to certain of the jurors when put upon their *voir dire*, were met with counter-affidavits showing that the oath had been administered, and we think the decided weight of the evidence sustains the judge in finding that the oath was administered. The evidence fully warranted the verdict, and there was no abuse of discretion in refusing a new trial.

*Judgment affirmed.*