### HART v. THE STATE. HART v. THE STATE.

HILL, J. 1. The defendants were on trial for the homicide of a married woman. There was evidence of a confession by both that they conspired to go to the home of the deceased for the purpose of having sexual intercourse with her. It was not error to admit testimony to the effect that the deceased was well advanced in pregnancy, and was expected to be delivered of a child within two weeks of her death. This testimony related to the improbability of her consent to the intercourse, and to the probability that the killing was done upon her resistance of the effort of the defendants to have carnal knowledge of her forcibly and against her will; and inasmuch as the jury had a discretion in fixing the punishment for the crime, this testimony could be considered by the jury as bearing also on the enormity of the offense, in determining whether or not a recommendation of life imprisonment would be proper. *Withrow* v. *State,* 136 *Ga.* 337 (4), 338 (71 S. E. 139); 1 Michie on Homicide, 833.

(a) Both in this case and in the *Withrow* case the fact proved was immediately connected with the commission of the crime. In the case of *Gardner* v. *State,* 90 *Ga.* 311 (17 S. E. 86, 35 S. E. 202), relied on by the plaintiffs in error, the fact it was sought to prove was not connected with the commission of the crime, but was merely collateral.

2. The following charge was given to the jury in connection with the definition of murder: "If you believe that Mrs. Irby was killed in Jefferson county in this State, and you believe it beyond a reasonable doubt, and you believe that it was done maliciously and with malice aforethought, either express or implied, the crime of murder would be made out." The court further instructed the jury, in that connection, that the burden was on the State to prove every material allegation in the indictment, to the extent of satisfying the minds and consciences of the jury of their truth beyond all reasonable doubt, and that the defendants should be acquitted unless their guilt was made to appear beyond a reasonable doubt. Taken in connection with the context, the charge excepted to was not erroneous.

3. The charge excepted to in the eighth ground of the motion, when taken in connection with the context, is not a ground for new trial.

4. An instruction was as follows: "Confessions when freely and voluntarily made are admitted in evidence. If they are not freely and voluntarily made, they are not admitted in evidence. If there is any question about whether they are freely and voluntarily made, you would

exclude them, you would not consider them; that is a question for the jury to decide, whether they are freely and voluntarily made." No exception is taken to the admission of the testimony as to the defendants' confessions, and the charge complained of will not require a new trial, as the jury were expressly instructed not to consider the alleged confessions unless they believed they were freely and voluntarily made. *Stallings* v. *State*, 47 *Ga.* 572. The charge is not open to the criticism that it amounts to a direct expression of an opinion upon the question of fact as to whether the alleged confessions were freely and voluntarily made, and was the legal equivalent of an instruction to the jury to so regard them.

5. The following charge is not cause for new trial: "But even if freely and voluntarily made, a confession alone is not sufficient to convict, without other corroboration than that disclosed by the confession. The law says that confessions should be scanned with care. A confession requires corroboration; the law fixes no standard as to the amount of corroboration. It leaves that to you. Proof of the corpus delicti, other than by a confession, that is, that the crime was committed as charged in the indictment, would be corroboration. The question as to the amount of corroboration the law leaves to the jury; and if you believe that a confession has been freely and voluntarily made, and is corroborated by the circumstances as disclosed to you by the evidence, or proof of the corpus delicti otherwise than by the confession, the jury would be authorized to convict. It is a matter entirely for the jury as to whether a confession is corroborated or not." *Davis* v. *State*, 105 *Ga.* 809 (3), 813 (32 S. E. 158).

6. The newly discovered evidence on which a new trial is asked is based on an affidavit of one of the codefendants, Robert Paschal, who testified: that he was walking along the public road near the house of Seth Irby, whose wife was alleged to have been murdered by himself and the two defendants, William and George Hart, when he saw Son Beasley and John Beasley; that they approached close to the house; that the two Beasley boys went into the yard and up to the house; that Son Beasley went in and dragged Mrs. Irby out of the house to the piazza, when John Beasley assisted in dragging her out to the woodpile, where, after both John and Son Beasley had violated her person, they killed her with an axe; that they had already cut her with a knife when they were dragging her out of the house; that deponent saw what was done from where he was in the road, and had nothing to do with the crime, etc. This evidence is substantially in accordance with the alleged confession of the defendants, the difference being that the Beasleys were substituted for the defendants as the perpetrators of the crime. This evidence is not supported by affidavits as to the character, credibility, etc., of the newly discovered witness, as required by section 6086 of the Civil Code, and the evidence is not such as would probably produce a different result should a new trial be granted.

7. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

MAY 14, 1914.

43

Indictment for murder.    Before Judge Hill.    Fulton superior court (venue changed from Jefferson county).    February 28, 1914.

*Spencer R. Atkinson* and *Hugh Howell,* for plaintiffs in error.

*Warren Grice, attorney-general, R. Lee Moore, solicitor-general, Hugh M. Dorsey, solicitor-general, R. N. Hardeman,* and *E. A. Stephens,* contra.