## DENNIS v. THE STATE.

1. After defining express and implied malice and instructing the jury that malice is an unlawful intention to kill without justification or mitigation, the further instruction that "a person may form the intention to kill, do it instantly, and regret it as soon as it is done," was not erroneous as not being adjusted to the facts of the case.

2. Taken in connection with its context, the statement in the court's instruction that "malice is implied from any deliberate act, however sudden," will not require a new trial.

3. An inaccurate instruction not tending to prejudice the accused, and authorizing an acquittal of murder under circumstances wherein the law does not excuse a homicide, will not require a new trial.

4. There was no abuse of discretion in refusing a new trial because of alleged newly discovered evidence.

NOVEMBER 17, 1916.

Indictment for murder. Before Judge Searcy. Pike superior court. July 7, 1916.

*Redding & Lester,* for plaintiff in error.

*Clifford Walker, attorney-general, E. M. Owen, solicitor-general,* and *Mark Bolding,* contra.

EVANS, P. J. Clarence Dennis was convicted of the murder of his father, and sentenced to be hanged. The testimony offered by the State tended to show that the decedent was an old negro who lived with his wife. Their son, the defendant, lived near by. On the night of the homicide the decedent called to his wife, who was at the house of the defendant, to find out what had become

of his whisky. His wife and son came to the house of the decedent, who accused both with having moved his whisky. The son went off, presently returned with a gun, and, as he entered the house, declared his intention to kill his father and fired upon him, inflicting a mortal wound. The court refused to grant him a new trial, and he excepted.

1. The court instructed the jury on express and implied malice, defining those terms in the language of the code sections. Continuing his instruction, the court further stated that malice is an unlawful intention to kill without justification or mitigation, and "It is not necessary that the deliberate intention should exist for any particular length of time. . . A person may form an intention to kill, do it instantly, and regret it as soon as it is done." The latter part of the instruction is assigned as error, and is criticised as not being adjusted to the facts of the case. This criticism is without merit. *Bailey* v. *State,* 70 *Ga.* 617 (2).

2. This excerpt appears in the court's instruction: "Malice is implied from any deliberate act, however sudden." Standing alone, this excerpt is clearly an inaccurate statement of the law, because malice can not be legally implied from *any* act; but when this excerpt is considered in connection with the context, it is apparent that the court was illustrating that malice may be implied from any deliberate act of intention to unlawfully kill a human being, however sudden; and it was not calculated to mislead the jury.

3. The prisoner's statement authorized an instruction on the law of voluntary manslaughter. This was given by the court, and no exception is taken to the court's formulation of the law on that phase of homicide. The court further charged the jury, fully and clearly, on the subject of justifiable homicide. The closing sentence of the court's instruction on the subject of voluntary manslaughter, which was just before he began his instruction on justifiable homicide, is made a ground of exception. The excerpt complained of is that "if there was a just cause for the passion, it is not murder, but justifiable homicide." Clearly, this instruction is an inaccurate statement of the law, possibly a lapsus linguæ; but the use of the expression under the facts of the case will not require a new trial. Following his instruction on the subject of justifiable homicide, the court reverted to the law of voluntary

manslaughter, and properly applied the same in concrete form to the facts of the case. Under such facts, the inaccurate instruction was not calculated to prejudice the prisoner; it authorized an acquittal of murder under circumstances that do not under the law excuse a homicide.

.4. Where a motion for new trial is made on the ground of newly discovered evidence, such ground must be sustained by affidavits as to the residence, associates, means of knowledge, character, and credibility of the witnesses by whom the newly discovered testimony is expected to be delivered. Civil Code, § 6086. There was no compliance with this provision of the statute. Furthermore, the evidence was not of such character as required the granting of a new trial. There was no abuse of discretion in overruling the motion for new trial on this ground.

<em>Judgment affirmed. All the Justices concur.</em>