## IVEY *v.* THE STATE.

1. What time shall be allowed a defendant and his counsel to prepare for trial is a matter resting in the sound discretion of the trial judge, with which this court will not interfere, unless abused.

2. As no unusual or intricate matters of law or fact appear to have been involved in this case, we can not say that the trial judge abused his discretion in overruling the motion for a postponement or continuance upon the ground of want of time to prepare for trial.

3. The motion to postpone or continue, in order to obtain the presence of two witnesses, was properly refused, where the testimony of one of said witnesses was hearsay, and the testimony of the other was wanted to impeach a witness who was not sworn in the case.

4. In an application to postpone or continue a case for the purpose of giving the defendant and his counsel time to prepare for trial, it must be shown that the application is not made for the purpose of delay.

5. Grounds for new trial based upon newly discovered evidence are tolerated but not favored by the courts.

6. An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this

requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground.

7. In a counter-showing the State showed that this witness had been convicted of larceny, thus *discrediting him and casting doubt upon the credibility of his testimony;* and for this reason the trial judge did not abuse his discretion in refusing to grant a new trial on this ground. ,

8. The verdict was amply sustained by the evidence.

No. 3184. AUGUST 17, 1922.

Indictment for murder. Before Judge Strange. Pierce superior court. March 17, 1922.

*James R. Thomas,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *S. F. Memory,* contra.

HINES, J. The defendant was indicted for the murder of Lonnie Boyett. The homicide occurred on December 25, 1921. The indictment was returned on January 3, 1922. The case was called for trial on January 5, 1922. The defendant moved to continue or postpone his case, on the ground that he had been in jail since the homicide; that he was unable to employ counsel to represent him; that his wife employed counsel to represent him on the preceding Monday night; that he had had no chance to prepare his case for trial; that he was not ready for trial, because he had some witnesses who were not present; that he had not had a chance to have them subpœnaed; that these witnesses were Henry Carter and W. R. Davis; that the former lived in Wayne county; that he had had " no privilege nor chance " to find out anything about any witnesses he might want until the day before; that for that reason he had not had time to prepare his case and was not ready for trial; that he expected to prove by Henry Carter that Lake Stewart told this witness all about seeing the knife; and that he expected to impeach Nathan Lyles by proof by W. R. Davis of the general bad character of said Lyles. Hon. James R. Thomas stated in his place, that he was the sole and only counsel of the defendant; that he was employed by the wife of the defendant to represent him, on the preceding Monday afternoon about dark; that since then every minute of his time, except when going to his meals or when he was getting a little sleep, he had been engaged in the trial of one Roy Carter for murder until 8.30 p. m. on the preceding night, when a verdict in that case was returned; that he had had no reasonable opportunity up to that time to properly

prepare the defendant's case for trial; that, the case being an important one to the defendant, he was entitled to some time in which to prepare this case and to get it ready for trial, and for this reason he asked that the case be postponed and a reasonable opportunity be given the defendant and his attorney to get the case ready for trial; that this killing occurred on December 25th; that since that time the defendant had been in jail; that the indictment was returned into court on the same day that he was employed to represent the defendant, and for that reason sufficient reasonable time had not been given the defendant to prepare his case and get it ready for trial.

On the day before the trial began the court gave counsel for the defendant two hours, from 2 p. m., to consult with his client. The court overruled this motion to continue or postpone this case; and the first question for our determination is, was this ruling erroneous?

1. What time shall be allowed counsel for defendant to prepare for trial is a matter resting in the sound discretion of the trial judge, with which this court will not interfere, unless abused. No unusual or intricate matters of law or fact appear to have been involved in this case; and nothing being shown as to public excitement, we can not say that the trial judge abused his discretion in overruling the motion for a continuance upon the ground of want of time to prepare for trial. *Charlon* v. *State,* 106 *Ga.* 400 (2) (32 S. E. 347) ; *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488) ; *Harris* v. *State,* 152 *Ga.* 193 (108 S. E. 777).

The defendant asked for a postponement or continuance in order to obtain the presence of two witnesses, Henry Carter and W. R. Davis. What he wished to prove by Henry Carter was hearsay, and for this reason was not admissible. He wished to have the other witness, W. R. Davis, present for the purpose of impeaching Nathan Lyles. As this latter witness was not sworn as a witness in behalf of the State, there was no need of having the impeaching witness present. Furthermore, it was not shown that the motion to postpone or continue was not made for the purpose of delay; and for lack of this essential element of a good showing for postponement or continuance (Penal Code, § 987; *Aiken* v. *Carmichael,* 127 *Ga.* 407, 56 S. E. 440) the court did not err in refusing to postpone or continue the case. Neither in the testi-

mony of the defendant nor in the statement of his counsel does it appear that the application for postponement or continuance was not made for the purpose of delay. In *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973), only twenty-four hours was allowed for the accused to prepare for trial; but this court held that the refusal to postpone the case in order to permit counsel to properly prepare for trial was not an abuse of discretion. In *Kelloy* v. *State,* supra, the indictment was returned on September 14, 1920, four days after the homicide occurred, and the case was tried on September 16, 1920, six days after the homicide. In that case the court held that the judge did not abuse his discretion in refusing to postpone or continue the case in order to allow counsel for the defendant time in which to prepare for trial. The case at bar differs from *Reliford* v. *State,* 140 *Ga.* 777 (79 S. E. 1128), where counsel was appointed to represent the defendant and was only given ten minutes in which to prepare the case for trial. Clearly in that case this court did right in holding that the trial judge abused his discretion in this matter. It is distinguishable from *Cummings* v. *State,* 151 *Ga.* 593 (107 S. E. 771), where counsel for defendant had not had time to consult with his witnesses, and learn what they could swear to.

Under the above authorities we can not say that the trial judge abused his discretion in declining to postpone or continue the case for the purpose of giving the defendant and his counsel time to prepare for trial.

2. The defendant further moved for a new trial on the ground of newly discovered evidence. This consisted of evidence of one Ernest Lightsey, to the effect that on December 25, 1921 he was passing the home of Lonnie Boyett, that he heard pistol shots before reaching the home of Boyett, that he hurried to the spot where he heard those shots, that when he got near to the residence he discovered Mrs. Boyett down in the lane about 175 yards from the house, that he discovered that Lonnie Boyett had been killed by having been shot through the body, that he offered his assistance to Mrs. Boyett, that he helped straighten her husband out, and placed his hands across his body, and that while standing there he saw Mrs. Boyett stoop down to the ground, near where the body was lying on the ground, and pick up an open knife with a long black handle, which was in three or four feet of the place

where the deceased lay, and which she carried to the house. This testimony contradicted the evidence for the State, and was material to the defense set up by the defendant in his statement.

" If the newly discovered evidence is that of witnesses, affidavits as to the residence, associates, means of knowledge, character, and credibility must be adduced." Civil Code, § 6086; *Phillips* v. *State,* 138 *Ga.* 815 (76 S. E. 352); *Hart* v. *State,* 141 *Ga.* 672 (81 S. E. 1108); *Maddox* v. *Jones,* 146 *Ga.* 504 (91 S. E. 542). The only affidavit in support of the witness upon those alleged newly discovered evidence a new trial is asked, was made by two relatives of such witness. This affidavit. is deficient in several respects. It alleges that this witness " keeps good company," but fails to name his associates. It is a matter of importance to the State to have the names of such associates of the witness, in order to ascertain from them whether the newly discovered witness is worthy of credit and belief. This affidavit is silent as to his means of knowledge. This being so, the showing for a new trial on this ground was defective; and the judge did not abuse his discretion in refusing a new trial on this ground.

The State made a counter-showing, from which it appeared that this witness, on January 17, 1922, had been convicted of the theft of an automobile, which had been stolen on June 26, 1921. Larceny is a *crimen falsi,* and the record of a conviction for larceny is admissible to discredit a witness. *Ga. R.* v. *Homer,* 73 *Ga.* 251 (5). Thus the character of the newly discovered witness was discredited, and, although it was sustained by the affidavit of two persons, doubt was cast upon its credibility. *S., & F. W. Ry.* v. *Harper,* 70 *Ga.* 119; *Meeks* v. *State,* 57 *Ga.* 329 (5). Upon this showing the trial court passed upon the credibility of this witness; and we can not say that he abused his discretion in the matter. *Meeks* v. *State,* supra; *O'Neil* v. *State,* 104 *Ga.* 538 (2) (30 S. E. 843); *Burge* v. *State,* 133 *Ga.* 431 (2) (66 S. E. 243); *Harris* v. *State,* 149 *Ga.* 724 (2) (102 S. E. 159); *Rogers* v. *State,* 129 *Ga.* 589 (59 S. E. 288). Applications for new trial on this ground are not favored *Burge* v. *State, Harris* v. *State,* supra. The trial judge did not abuse his discretion in refusing to grant a new trial on this ground.

*Judgment affirmed. All the Justices concur except Gilbert, J., absent.*