### 16438.  BRICE *v.* THE STATE.

BLOODWORTH, J.  1. This extraordinary motion for a new trial was based solely upon alleged newly discovered evidence, but did not comply with the requirements on that subject as fixed by the law.

(*a*) "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced."  Civil Code (1910), § 6086.

(*b*) "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground."  *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175).

(*c*) Under the law as announced above, the affidavits in support of the witnesses upon whose alleged newly discovered evidence a new trial is sought do not fill the requirements of the statute and are fatally defective.

2. Under the facts of the case this court can not say that the trial judge abused his discretion in refusing to grant a postponement of the hearing.

3. The court did not err in dismissing the extraordinary motion for a new trial.  *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 29, 1925.  REHEARING DENIED SEPTEMBER 23, 1925.

Motion for new trial; from Fulton superior court—Judge Howard.  December 6, 1924.

Application for certiorari was denied by the Supreme Court.

*W. H. Terrell,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, Ralph H. Pharr,* contra.