## DEKLE v. THE STATE.

GILBERT, J. 1. One ground of the amendment to the motion for a new trial is based upon alleged newly discovered evidence. This ground is incomplete in that plaintiff in error fails to comply with Code section 6086, which requires: "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." *James* v. *State*, 151 *Ga.* 330 (107 S. E. 257); *Widner* v. *State*, 151 *Ga.* 331 (106 S. E. 547); *Bass* v. *State*, 152 *Ga.* 415 (11) (110 S. E. 237); *Nichols* v. *Kilpatrick*, 157 *Ga.* 884 (3) (122 S. E. 611); *Lynch* v. *State*, 158 *Ga.* 261, 263 (123 S. E. 289).

2. The remaining grounds of the amended motion amount to an elaboration of the general grounds complaining that the evidence is not sufficient to support the verdict. It is admitted by movant that the evidence is in conflict, and it is insisted that the evidence preponderates in favor of plaintiff in error, and that this court should set aside the verdict on that ground. The other insistence is that the evidence authorized, at most, a verdict of voluntary manslaughter. An examination of the evidence clearly shows that, while there is some conflict, the verdict of guilty of murder, with recommendation of life imprisonment, is amply supported by evidence. The court did not err in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*

No. 4867. AUGUST 14, 1925.

Murder.    Before Judge Hardeman.    Candler superior court. March 17, 1925.

*C. W. Turner,* for plaintiff in error.

*George M. Napier, attorney-general, Walter F. Grey, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.