## 17106.   CARPENTER *v.* THE STATE.

The court did not err in overruling the extraordinary motion for a new
trial, based on alleged newly discovered evidence, the movant having
failed to comply with the statutory requirements as to affidavits in
support of the motion.

DECIDED MAY 12, 1926.

Conviction of manslaughter; from Telfair superior court—
Judge Graham.   October 29, 1925.

*L. C. Harrell, Hal Lawson,* for plaintiff in error.

*M. H. Boyer, solicitor-general,* contra.

BLOODWORTH, J.   "Ordinarily, cumulative and impeaching evidence is not ground for a new trial; but when such a motion is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Civil Code, § 6086. " 'An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground.' *Ivy* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175). (*a*) Especially is this true when the motion for a new trial is based solely upon extraordinary grounds, such grounds not being favored by the courts." *Williams* v. *State,* 34 *Ga. App.* 174 (128 S. E. 589).

This extraordinary motion is based upon alleged newly discovered evidence.   In the record there is no affidavit of counsel for plaintiff in error "that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence," and no affidavit as

Criminal Law, 16 C. J. p. 1199, n. 56; p. 1202, n. 70; p. 1230, n. 65, 66, 67, 68, 69; p. 1231, n. 81; p. 1232, n. 83, 85, 90, 91, 93; p. 1233, n. 10; 17 C. J. p. 252, n. 17.

to the character and credibility of the witness Harvie Mathis; and the supporting affidavits as to Mitch Eady and Lanier Cauley not measuring up to the requirements of the statute as announced in the foregoing quotation from the decision in the *Williams* case, and these being the witnesses upon whose affidavits this extraordinary motion is predicated, it can not be said that the trial judge abused his discretion in overruling the motion. See also *Dekle* v. *State,* 160 *Ga.* 830 (129 S. E. 102) ; *Phillips* v. *State,* 138 *Ga.* 815 (2) (76 S. E. 352).

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*