18122. CHILDERS *v.* THE STATE.

BROYLES, C. J. 1. It is well settled by repeated rulings of the Supreme Court and of this court that a ground of a motion for a new trial must be complete and understandable within itself. Under this ruling grounds 4, 5, 6, 8, 9, and 10 of the motion for a new trial are too defective to be considered by this court.

(a) Grounds 8, 9, and 10 complain of certain language used by the solicitor-general in his concluding argument to the jury, and state that counsel for the defendant moved the court to declare a mistrial on account of such language, but it is not stated therein what ruling was made by the court thereon, or whether or not the court rebuked the solicitor-general and instructed the jury not to consider the alleged improper remarks.

2. One ground of the motion for a new trial was based upon alleged newly discovered evidence. However, the affidavit in support of the witness upon whose newly discovered evidence a new trial was sought failed to give the names of his associates. In view of that defect the trial judge did not abuse his discretion by refusing to grant a new trial on this ground. *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175).

3. The verdict was authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1927.

Seduction; from Crawford superior court—Judge Mathews. March 2, 1927.

*K. P. Lowe, Homer Beeland,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

Criminal Law, 16 C. J. p. 1218, n. 53 New; p. 1230, n. 66; 17 C. J. p. 91, n. 79.