## COLE *v.* THE STATE.

No. 9005. DECEMBER 15, 1932.

*P. Q. Bryan* and *Bob Humphreys,* for plaintiff in error.

*George M. Napier, attorney-general, G. C. Spurlin, solicilor-general,* and *T. R. Gress, assistant attorney-general,* contra.

RUSSELL, C. J.   Tom Cole was convicted of the murder of Brown Mason, without a recommendation, and was sentenced to death. His motion for a new trial, based on the general grounds and on the ground of newly discovered evidence, was overruled, and he excepted.

Nezzie Hall, for the State, testified in part: "Me and Brown

[the deceased] was walking up the street, and Tom Cole walked up and said 'Hello, brother,' and Brown Mason told him 'Good evening.' We walked on up about as far as from here to the store, and met a white lady. She was going in that direction [indicating], and we were going in this direction [indicating]. We were all meeting her, and when I got to her Tom Cole went between me and this white lady, and he told him when he passed, 'You look out, you going between these women like that,' and Tom Cole said something back to him, and I don't remember what he said back to Mason, because I was not paying any attention; .·. and we walked this way, and Tom walked right alongside of me . . walked up about three or four steps, and that time he had stabbed Mason with his knife. When I saw him he reached around me and stabbed, and I seen he did like that. . . When Tom stabbed Mason, Mason put his hand up this way [indicating], sort of holding at him. . . When Cole stabbed Mason the first time, Mason staggered sideways off. Mason did not have anything in his hands when Cole stabbed him. He did not try to hit Tom Cole; he didn't even open his mouth and staggered backwards to him at all. I don't know whether Cole hit him again or not after the first time, but I seen him cut on his arm, but I know the first time he hit him he hit him in his stomach, and I soon found out Mason was bleeding in his arm. Brown told Tom not to walk between the women that way. He didn't say no more, and Tom didn't either." On cross-examination: "When I met Brown Mason we walked down the street together. When I saw Tom Cole he was coming up from the back. . . Brown Mason got cut on the sidewalk there, I don't know what part of the sidewalk. When Tom came up he caught us right along there about the ten-cent store, and we went from there almost to Daniel's drug-store. It is not a fact that Brown Mason caught Tom Cole by the shoulder and I walked on ahead. I seen Tom Cole when he stabbed Brown Mason the first time. He reached around in front of me and stabbed him in the stomach. . . When we were walking down the street Brown Mason was walking on this side [indicating], and I was in the middle, and Tom Cole was on the other side. When Tom Cole got ready to cut Mason he reached around me and stabbed him. Brown Mason did not jerk Tom out to the curbing. . . When I looked around all I saw was Tom Cole cutting Brown Mason. When I looked at him he was cut. I know

Tom Cole stabbed him at one time. . . Brown Mason did not hit Tom Cole at all, walked around in front of me and stabbed him." There was testimony of other witnesses. Without detailing all of this evidence, it is sufficient to say that the testimony which we have just quoted would have authorized the verdict returned. The defendant introduced no testimony, but made a statement to the jury. There is no complaint that there was any error of the court in rulings upon the admission or rejection of testimony, nor is any exception taken to any portion of the charge to the jury.

Under the rule referred to in the second headnote, and the failure of the movant to vouch for the "residence, associates, means of knowledge, character and credibility" of the witnesses as to the alleged newly discovered evidence, the trial judge was not required to consider the affidavits alleging newly discovered evidence. In these circumstances we can not hold that the court erred in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*