25668. LASHLEY *v.* THE STATE.

Decided September 11, 1936.  Rehearing denied October 29, 1936.

*Gilbert C. Robinson,* for plaintiff in error.

*Hollis Fort, solicitor-general,* contra.

Broyles, C. J. ■  The defendant was convicted of an assault with intent to rape.  A ground of his motion for new trial shows that when the case was called on November 13, 1935, his counsel moved for a continuance on the ground of the absence of two defense witnesses, "Miss Kathleen Smith, who was in Atlanta at the time, but whose home was in Oglethorpe, Georgia [where the defendant was being tried], and Mr. Tom Green, a young man who lived just four miles from the court-house in Macon County, Georgia."  The ground shows that on the hearing of the motion it was testified that subpœnas had been issued on November 11, 1935, for both of the absent witnesses, but that only Green had been served; that the defendant "was not indicted until the present week, but had been under bond on State warrant for more than four months, that he did not employ counsel until Sunday before court met, in that he had heard the matter had been abandoned and that Mrs. Lemond [the prosecutrix] would not appear in court, she being at the time a resident of southern Florida."  Under the foregoing facts, it does not appear that the defendant exercised proper diligence to secure the presence in court of Miss Smith, the absent witness upon whom the subpœna had not been served.  As to Green, the other absent witness, while the evidence showed he had been served with the subpœna, it further disclosed that he was not a witness to the alleged assault, was not a character witness, and that his testimony, had he been present, would have related to matters not directly or indirectly connected with the offense charged.  It follows that the court did not abuse its discretion in overruling the motion for a continuance.

■  "An affidavit in support of the witness upon whose newly-

discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). Under this ruling and the facts of the instant case, the court did not err ·in overruling the ground of the motion for new trial based on the alleged newly discovered evidence.

The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*