SUMNER *v.* SUMNER.

No. 11312. NOVEMBER 11, 1936. REHEARING DENIED DECEMBER 11, 1936.

*Bussey & Fulcher* and *Bryson, Bowen & Pyle,* for plaintiff in error.

*Isaac S. Peebles Jr., Nathan Jolles,* and *Hinkston & Wofford,* contra.

RUSSELL, Chief Justice. This is a divorce case in which an extraordinary motion for new trial was made upon the ground of alleged newly discovered testimony. It appears from the record that the husband filed the action in the superior court of Richmond County on April 19, 1933, basing it upon the ground of desertion for more than three years. The action was brought to the May term, 1933; but the sheriff having returned that the defendant was not to be found in Richmond County, the court granted an order for service by publication. At the next term, and after due service by publication, as found by the court, a jury returned a verdict in favor of the plaintiff. At the next succeeding term, on September 23, 1933, a second verdict was rendered granting a divorce, and judgment was entered accordingly. The real basis of the extraordinary motion for new trial is the contention of the defendant (the wife) that at the time of the institution of the divorce suit, and from February 24, 1932, until February 24, 1935, she was insane from the effect of dementia præcox. Upon issue raised on this point the court heard much evidence, and overruled the motion for new trial. Several of the material affidavits the court need not to have considered at all, because the witnesses were not vouched for in accordance with the requirements of the Code, § 70-205. As to the material questions at issue the testimony was in acute conflict. In these circumstances the credibility of the witnesses and the weight to be attributed to the testimony of each and all of them is a question solely addressed to the sound discretion of the trial judge, and the exercise of his discretion will not be interfered with where, as it appears in this case, there was no abuse of discretion.

In *Young* v. *State,* 56 *Ga.* 403, Judge Bleckley said, on the subject of newly discovered evidence: "To enable judges, and especially the Supreme Court, to enter into this question fully, something more is needed than is generally presented. It should be known, not only who the new witness is, but where he resides, what is his character, and who are some of his associates or the persons acquainted with him. He should be brought out, so to

speak, and be exhibited in daylight. Affidavits should be adduced to his character and credibility. The fullness we recommend may be novel, but it is needful. Without further legislation, it can not be *exacted* of parties as matter of law; but as a means of convincing the judicial mind in favor of meritorious applications for new trials, and of guiding discretion where the law recognizes the right and the duty of caution, it will be found profitable." It will be noticed that Judge Bleckley stated that his suggestion was *novel,* but it resulted in the adoption of section 70-205 of the Code. See also *Polile* v. *State,* 78 *Ga.* 347; *Dominick* v. *State,* 81 *Ga.* 715, 716 (8 S. E. 432) ; *Grant* v. *State,* 97 *Ga.* 789 (25 S. E. 399), and cit.; *Perryman* v. *Equitable Mortgage Co.,* 115 *Ga.* 769 (42 S. E. 94) ; *Dekle* v. *State,* 160 *Ga.* 830 (129 S. E. 102), and cit.; *Cole* v. *State,* 176 *Ga.* 135 (167 S. E. 172).    *Judgment affirmed.    All the Justices concur.*