GRIER *v.* THE STATE.

GRICE, Justice. 1. It is provided in the Code, § 70-205, that when a motion for new trial is made on the ground of newly discovered evidence, "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." In this case the newly discovered evidence urged as a ground for new trial was that of a witness; but there being no compliance with the quoted provision of the statute, the judge was not required to consider the affidavits alleging newly discovered evidence, and the discretion of the court in refusing a new trial on the ground of such newly discovered evidence will not be disturbed. *Phillips* v. *State,* 138 *Ga.* 815 (2) (76 S. E. 352); *Dennis* v. *State,* 146 *Ga.* 191 (4) (91 S. E. 19); *Bass* v. *State,* 152 *Ga.* 415 (11) (110 S. E. 237); *Cole* v. *State,* 176 *Ga.* 135 (167 S. E. 172).

2. A ground of the motion for new trial complains that the court should have sustained a motion to declare a mistrial, because of prejudicial argument by the solicitor-general, objected to at the time. No ruling of the court thereon is complained of in the bill of exceptions, or reference made therein to any motion for mistrial, nor is any ruling of the court with respect to a refusal to declare a mistrial complained of in the ground of the motion for new trial, that ground merely asserting that "it was error for the court to permit the same without proper reprimand to the solicitor, and without proper instructions to the jury at the time," and that "said remarks warrant the grant of a new trial." This ground affords no reason for granting a new trial.

3. The remaining ground of the motion contends that the court erred in failing to charge the jury on the law of impeachment of witnesses, because of the character of several of the State's witnesses, one of whom admitted that he had been convicted and served time, another was in jail on a robbery charge, and still another had been arrested several times and served time in jail; and further, because of contradictory statements in the testimony of these witnesses. There was no written

request for a charge on the law of impeachment of witnesses. In the absence of a timely written request therefor, this ground does not authorize the grant of a new trial because of the failure to instruct the jury on the subject of impeachment of witnesses, credibility of witnesses, or the rule as to reconciling conflicting testimony. *Lewis* v. *State*, 125 *Ga.* 48 (53 S. E. 816); *Giles* v. *Voiles*, 144 *Ga.* 853 (2) (88 S. E. 207); *Elbert County* v. *Threlkeld*, 145 *Ga.* 133 (3) (88 S. E. 554).

4. So far as the general grounds of the motion are concerned, the evidence supported the verdict; and the same having received the approval of the trial judge, his refusal to grant a new trial must be

*Affirmed. All the Justices concur.*

No. 14609. September 10, 1943.

*F. L. Clements*, for plaintiff in error.

*T. Grady Head*, attorney-general, *Charles H. Garrett*, solicitor-general, and *L. C. Groves*, assistant attorney-general, contra.