## DANIEL *v.* THE STATE.

BELL, Chief Justice. 1. An eyewitness testified: "Annie Ruth Daniel and Wyman Daniel were in Fulton County at the time Annie Ruth cut Louise Nowell." Another witness testified: "On May 27 of this year I was a detective for the City of Atlanta, and went out to the scene of this crime in the rear of 85 Fitzgerald at nine o'clock p. m., and saw John Bryant, the owner of the house where this killing is alleged to have occurred. . . When we got there the deceased was lying flat on her back approximately thirty feet from the house. . . The home of John Bryant, the place where we found the body of Louise Nowell, is in Fulton County, State of Georgia." Under this evidence, the jury were authorized to find that the homicide occurred in Fulton County, as alleged in the indictment. *Womble* v. *State,* 107 *Ga.* 666 (3) (33 S. E. 630) ; *Lee* v. *State,* 176 *Ga.* 215 (2) (167 S. E. 507) ; *Dickerson* v. *State,* 186 *Ga.* 557 (2) (199 S. E. 142) ; *Martin* v. *State,* 193 *Ga.* 824 (4) (20 S. E. 2d, 266).

2. The judge charged the jury: "Legal malice is not necessarily ill will or hatred. It is the unlawful intent to kill a human being without justification or mitigation, which intention, however, must exist at the time of the killing as alleged, but it is not necessary for that intention to exist for any length of time before the killing. In legal contemplation a man may have the intention of doing something at some instant and regret it as soon as it is done." The defendant complained that this charge was an incorrect statement of the law; that the use of the words, "it is not necessary for that intention to exist for any length of time before the killing," was prejudicial and precluded the movant's defense that the homicide was in mutual combat; that this charge was contrary to law, and for the court to have so instructed the jury, having nowhere defined express and implied malice or instructed them as to premeditation, demands the grant of a new trial. It appears from the record that the judge did charge on express and implied malice in the language of the Code, and on mutual combat. *Held,* that the charge was not erroneous for any of the reasons urged. *Bailey* v. *State,* 70 *Ga.* 617 (2) ; *Long* v. *State,* 127 *Ga.* 350 (3) (56 S. E. 444) ; *Dennis* v. *State,* 146 *Ga.* 191 (91 S. E. 19) ; *Brown* v.

*State*, 190 *Ga.* 169 (2) (8 S. E. 2d, 652); *Simmons* v. *State*, 196 *Ga.* 395 (2) (26 S. E. 2d, 785).

3. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 15379. FEBRUARY 19, 1946.

*Frank T. Grizzard, Jackson L. Barwick, Frank Bowers,* and *James R. Venable,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. E. Andrews, Solicitor-General, Daniel Duke, Assistant Attorney-General,* and *D. T. Pye,* contra.