RUSSAW *v.* THE STATE.

No. 15459. MAY 9, 1946.

668

*George H. Miller* and *James R. Davis Jr.*, for plaintiff in error.

*Eugene Cook, Attorney-General, F. E. Strickland, Solicitor-General,* and *Rubye G. Jackson,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■ It is declared in the Code, § 70-205, that, "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character and credibility must be adduced." In *Blackwell* v. *Houston County,* 168 *Ga.* 248, 256 (147 S. E. 574), the supporting affidavit recited "that said G. O. Harris bears a good reputation in the neighborhood in which he lives, and associates with the best people in the community, and in affiants' opinion is worthy, truthful, and entitled to belief." In the opinion this court said: "This affidavit is deficient in several respects. It alleges that this witness 'keeps good company,' but fails to name his associates. . . This affidavit is silent as to his means of knowledge. This being so, the showing for a new trial on this ground was defective; and the judge did not abuse his discretion in refusing a new trial on this ground." In *Anderson* v. *State,* 190 *Ga.* 455, 460 (9 S. E. 2d, 642), the necessity for a compliance with the statutory requirements is stated as follows: "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." See, in this connection, *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Cole* v. *State,* 176 *Ga.* 135 (2) (167 S. E. 172);

*Sumner* v. *Sumner,* 183 *Ga.* 400 (188 S. E. 515). The supporting affidavits in the instant case do not meet the requirements of law, and, hence, irrespective of whether or not the alleged newly discovered evidence would otherwise have authorized the grant of a new trial, this fatal defect authorized the trial judge to refuse a new trial on this ground.

The evidence abundantly supported the verdict, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*