HACKNEY *v.* THE STATE.

HAWKINS, Justice. 1. The excerpt from the charge complained of in the first ground of the amended motion for a new trial—that, "In the legal sense malice means an intent to kill a human being in a case where the law would neither justify nor in any degree mitigate or

excuse the homicide if the killing takes place as intended. In order to constitute malice it is not necessary for the intent to kill to linger in the mind of the slayer for any considerable length of time before the homicide takes place. If there is time enough for the intent to form before the killing, and the killing is unlawful and takes place in accordance with such intent, then the killing would be attributable to malice and would be murder. Legal malice is not ill-will or hatred. It is an unlawful intention to kill without justification or mitigation, which intention must exist at the time of the killing alleged. But it is not necessary for that intention to exist for any definite length of time before the killing. In legal contemplation a man may form the intent to kill, do the killing instantly, and regret it as soon as done, and be guilty of murder. In determining whether there was malice the jury may consider all the facts and circumstances surrounding the transaction, including the character of the weapon used, if one was used, the manner in which it was procured and used, and any other circumstances tending to illustrate that feature of the case as those circumstances are made to appear from the evidence on the trial. If you find that a homicide is proved to have been committed in this case by the defendant, and with a weapon that you find was in the manner in which it was used upon the occasion in question [a weapon] likely to produce death, the law would presume malice and the intent to kill"—is not subject to the criticism, (a) that it was not sound as an abstract principle of law, or (b) ·that it places the offense of voluntary manslaughter in the category with murder. (*Bailey* v. *State,* 70 *Ga.* 617; *Cook* v. *State,* 77 *Ga.* 96; *Warren* v. *State,* 163 *Ga.* 176, 135 S. E. 735; *Daniel* v. *State,* 200 *Ga.* 316 (2), 37 S. E. 2d, 181; *Dowdell* v. *State,* 200 *Ga.* 775 (2), 38 S. E. 2d, 780). Even if the charge could be held subject to the criticism last stated, it was not harmful to the defendant, for under no theory of the evidence in this case was the crime of voluntary manslaughter involved. For this reason, the rulings in *Dowdy* v. *State,* 96 *Ga.* 653 (23 S. E. 827), and *Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541), relied upon by counsel for the movant, have no application to the present case.

2. The second ground of the amended motion for a new trial complains "Because the trial judge failed to submit to the jury in his charge the question whether movant be guilty of causing the death of the deceased 'without any intent to do so, but in the commission of an unlawful act.'" If this ground be sufficiently definite to present any question for determination by this court (*Smithwick* v. *State,* 199 *Ga.* 292, 297, 34 S. E. 2d, 28), such failure to charge in the present case was not erroneous, for the reason that no unlawful act on the part of the defendant is shown by the evidence other than that of recklessly discharging a gun at another, or recklessly discharging a gun in a thickly populated community, from which act death resulted; and in *Austin* v. *State,* 110 *Ga.* 748 (36 S. E. 52), it is held: "If a person recklessly discharges a gun at another, and death results therefrom, or recklessly discharges a gun into a crowd, although at no particular person, and death results to some one, it is of course settled law that such killing is murder. *Studstill* v. *State,* 7 *Ga.* 2;

66

*Collier* v. *State,* 39 *Ga.* 31 [99 Am. D. 449]; *Cook* v. *State,* 93 *Ga.* 200 [18 S. E. 823]."

3. Conceding, but not deciding, that, where the defense of insanity is relied upon under a general plea of not guilty by a person charged with crime, proof of insanity of a type generally recognized as hereditary, in ancestral or collateral relatives of defendant would be admissible as circumstantial and cumulative evidence, if there be other independent proof of the same or similar type of insanity on the part of the accused (*Taylor* v. *State,* 105 *Ga.* 746, 31 S. E. 764; 44 C. J. S. 52, § 5; 2 Wigmore on Evidence, 3d Ed. 22, § 232; 28 Am. Jur., 760, 761, 764, §§ 133, 134, 137; 1 Wharton's Criminal Law, 12th Ed., 124, § 83), it was not error in this case for the court to exclude the testimony of the mother of the defendant, a non-expert witness, that she has another son "who is mentally deranged," where no proper foundation for its admission was laid by proof as to the nature or character of such "mental derangement," whether it was of a kind that may in its nature be hereditary, or whether the alleged insanity on the part of the defendant was of a like kind.

4. The trial judge having fully instructed the jury as to the law applicable to involuntary manslaughter in the commission of a lawful act, as to the defenses of insanity, and of accident and misfortune, and the evidence being amply sufficient to authorize the verdict of guilty of murder, and no error of law being shown, the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 16810.  OCTOBER 11, 1949.

*Thomas H. Crawford, W. Paul Carpenter, Harris, Henson & Spence,* and *Charles A. Wofford,* for plaintiff in error.

*Eugene Cook, Attorney-General, James T. Manning, Solicitor-General, William Butt,* and *Frank H. Edwards,* contra.