### 19120. PIERCE *v.* THE STATE.

MOBLEY, Justice. Willie Lee Pierce was indicted for the murder of his wife, Azzie, by shooting her with a pistol. The jury returned a verdict of guilty with a recommendation for mercy. The exception is to a judgment denying the defendant's amended motion for new trial. *Held:*

1. The 11th and 12th special grounds of the motion for new trial complain that the trial court erred in permitting a deputy sheriff to testify that the defendant had been drinking about a month prior to the homicide, and that he went to the home of the defendant on the above occasion at the request of the defendant's wife. The 13th special ground complains that the trial court erred in permitting three named witnesses to testify that the defendant threatened to kill the deceased during the month of September, 1954. The homicide occurred on October 12, 1954, and substantially all of the testimony complained of was elicited on cross-examination of the respective witnesses by the defendant. While the defendant denied that he threatened to kill his wife, he related in his statement to the jury that he had been drinking about a month prior to the homicide, and that his wife took out a peace warrant and had him arrested on the occasion when the deputy sheriff went to his home. The deputy sheriff, who was not one of the three witnesses whose testimony was complained of in the 13th special ground, was permitted to testify without objection that the defendant, while in his custody under the peace warrant, threatened to kill his wife. The trial court did not err in admitting the evidence objected to, because, as heretofore shown, the same evidence was either brought out by the defendant on cross-

examination of witnesses, was testified to by witnesses without objection by the defendant, or was admitted in the defendant's statement to the jury. See *Hargroves* v. *State,* 179 *Ga.* 722, 725 (7) (177 S. E. 561); *Wheat* v. *State,* 187 *Ga.* 480 (2) (1 S. E. 2d 1); *Moore* v. *State,* 193 *Ga.* 877 (2) (20 S. E. 2d 403); *Carrigan* v. *State,* 206 *Ga.* 707 (4) (58 S. E. 2d 407); *Seymour* v. *State,* 210 *Ga.* 21 (2) (77 S. E. 2d 519). See also *Vun Cannon* v. *State,* 208 *Ga.* 608, 612 (3) (68 S. E. 2d 586), where it was said: "Threats, though remote, are admissible in murder trials for the purpose of showing motive and malice on the part of the accused."

2. The 10th and 16th special grounds complain that the trial court expressed an opinion in passing upon the admissibility of the following evidence. (First) While on cross-examination, Dr. Bill Purcell, a witness for the State, was asked to describe the condition of the defendant when he saw him on November 14 following the homicide on October 12, to which he replied that the defendant was on a cot at the jail, he was confused mentally, and had food spread all over him, as well as on the cot. After a colloquy between counsel and the court, this evidence was admitted on condition that, if the defendant's counsel connected it up, the court would leave it in, otherwise it would be ruled out. (Second) Mrs. Ruth Wyatt, a witness for the defendant, testified that she asked the deceased why she and the defendant were selling their home, to which the deceased replied, that they had always had trouble with her people, and thought it would be better to get away from them. Counsel for the defendant insist that this evidence was admissible in rebuttal of any presumption of malice and of the evidence produced by the State as to threats on the part of the defendant against his wife; and that the remarks by the court, asking whether counsel expected to connect it up later, and the statement that the court would rule on it later, gave the jury the impression that the evidence was not material. The trial court did not express an opinion on the facts of the case, as complained of, in making these rulings upon the admissibility of the evidence.

3. The trial judge did not err, as complained of in the 14th special ground, in failing to grant a mistrial, on the ground that he expressed an opinion by asking counsel a second time whether both sides agreed that the pistol introduced in evidence was the one that killed the deceased. In denying the motion for a mistrial, the judge stated that the only reason he asked the question during the afternoon after having asked it in the morning, was to try to save time. This could not have been harmful to the defendant where the uncontroverted evidence showed that the pistol in question killed the deceased, and the real issue in the case was whether it was discharged accidentally, as related by the defendant in his statement to the jury; and if not, whether the use of intoxicating beverages by the defendant had produced a mania or condition of the mind which had become fixed and permanent sufficiently to affect his reason to such extent that he could not distinguish between right and wrong.

4. No proper foundation having been laid for the introduction of evidence as to the mental condition of the defendant's mother and her sister, by proof as to the nature or character of such mental derangement, whether it was of a kind that may in its nature be hereditary, or whether the alleged insanity on the part of the defendant was of a like kind, the

exclusion of evidence with reference thereto, as complained of in the 15th special ground, was not error. *Hackney* v. *State,* 206 *Ga.* 64 (3) (55 S. E. 2d 704); *Jarrard* v. *State,* 206 *Ga.* 112 (1) (55 S. E. 2d 706).

5. The 1st through the 9th special grounds complain of the trial court's failure to give requests to charge. After a careful examination of these requests this court is of the opinion that each of them is either argumentative, not adjusted to the evidence, or imperfect. Accordingly, it was not error to refuse to charge these requests, where the charge as a whole adequately covered the issues in the case and the principles of law applicable thereto. *Key* v. *State,* 211 *Ga.* 384 (5) (86 S. E. 2d 212), and cases cited; *Draine* v. *State,* 211 *Ga.* 801 (2) (89 S. E. 2d 182).

6. The 17th special ground complains that the trial court, even without request, should have given the jury the definition of a sane person, as set forth in Code §§ 26-301, 26-303. The court charged the jury: "That the question is this, in respect to the defense of insanity: Was the defendant at the time of the commission of the alleged crime, as a matter of fact, afflicted with a disease of the mind, so as to be insane? If such be the case, did he know right from wrong as applied to the particular act in question? If he did not have such knowledge, he is not legally responsible." This charge was sufficient to cover the principles contained in the above sections of the Code. *Davis* v. *State,* 190 *Ga.* 100 (4a) (8 S. E. 2d 394).

7. The evidence, though conflicting, was sufficient to support the verdict, and the trial court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 15, 1955.

*Y. A. Henderson, R. F. Chance,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General, J. B. Langford, Henry L. Barnett, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.